Carroll *v.* Weld.

WILLIAM CARROLL, Plaintiff in Error, *v.* JOHN G. WELD, use of John W. Chickering, Defendant in Error.

ERROR TO COOK.

If a party put his name upon the back of a note, before it is delivered to the payee, he is an original party, and the consideration for the note will be his consideration for his undertaking.

Such a party is a guarantor, and may be sued in that character.

Carroll *v.* Weld.

The cases of Camden *v.* McCoy, (3 Scam. 437,) and Cushman *v.* Dement, (Id. 497,) examined and approved.

If a party so signing a note, wishes to rebut the presumption, that he put his name upon the note at the time of its execution, as a guarantor, he can do so by showing the true character of his obligation.

WELD, for the use of Chickering, sued Carroll in the Cook County Court of Common Pleas, in an action of assumpsit. The suit was commenced by a *capias ad resp.* Weld counted upon the following note:

$416.00                         " CHICAGO, January 13th, 1851.

" Six months after date, we jointly and severally promise to pay John G. Weld, or order, the sum of four hundred and sixteen dollars, for value received.

(Signed,) " DAVID PRICKET. L. S.

" HENRY HAWKINS. L. S.

(Indorsed) " WILLIAM CARROLL."

The declaration avers, that the plaintiff, at the special instance and request of the defendant, agreed to give time to the said David Pricket and Henry Hawkins; and, in pursuance of said agreement, did take their promissory note, for the said sum of four hundred and sixteen dollars, signed by said David Pricket and Henry Hawkins, and bearing date, &c.; the said defendant then and there promised the said plaintiff to guarantee the payment of the said promissory note, which said note the said defendant then and there guaranteed, by writing his name upon the back of the same, by means whereof he became liable, &c.

The declaration contained the proper common counts.

The defendant filed a demurrer, which was stricken from the files. He then pleaded the general issue, with a notice that the note was obtained by fraud. The proof showed that Weld refused to take the note of Pricket and Hawkins without surety or a guarantor, and that Carroll signed the note with a full understanding of the transaction.

The cause was heard before M. SKINNER, Judge, and a jury, at February term, 1852, of the Cook County Court of Common Pleas, and resulted in a verdict and judgment for the plaintiff.

Carroll brings the cause to this court by writ of error.

J. E. Dillon, for plaintiff in error.

J. N. Arnold, for defendant in error.

Caton, J.　Pricket and Hawkins executed their note to Weld, for the purchase of some goods. He, not being satisfied with their responsibility, refused to take the note unless Carroll signed it with them. Carroll then put his name on the back of the note, when it was delivered to the payee. Here, Carroll was an original party to the note, and the original consideration for the note was the consideration for his undertaking. It was not necessary that he should participate in or receive any part of the consideration. His undertaking induced the payee to accept the note in payment of the goods sold; and that was sufficient. The only question which was seriously urged upon our consideration in the argument, was as to the character and nature of the liability assumed by Carroll. He was sued, as guarantor of the note, and now he insists that he only assumed the liability of second indorser. This is a question which has been long since settled in this court, and we see no cause to limit the liability as there established. In the case of Camden *v*. McCoy, (3 Scam. 437,) it was held that, where the name of a party is found on the back of a note, in the hands of the payee, the presumption of law is, that it was put there at the time of the execution of the note, and that, in the absence of proof to the contrary, it is a further presumption that he assumed to guarantee the note; and, in the subsequent case of Cushman *v*. Dement, (3 Scam. 479,) the same rule was adopted and enforced. In these cases, it was also decided, that these presumptions might be rebutted by proof showing the actual character of the transaction. In this case, there is proof sustaining these presumptions of law, or rather showing that the understanding, at least on the part of the payee of the note, was, that the liability of Carroll should be even more than that of a guarantor; for he required that Carroll should become a surety in the note. In the two cases referred to, this court followed the decisions of the Supreme Courts of New York and Massachusetts, as well as those of several other distinguished tribunals; and now we are asked to

retrace our steps, because a different rule for a time prevailed in New York. We have examined the several decisions of the case of Hall *v.* Newcomb, (3 Hill, and 7 Hill, 416,) and find nothing in them which at all inclines us to change the rule in this court. The last was in the Court of Errors, where the case was twice argued. Upon the first argument, that court was equally divided; and upon the second argument, a very large minority of the court were for adhering to the ancient and true rule upon the subject. In the cases already referred to, in this court, the subject was fully examined, and we do not feel called upon to review the authorities again.

Let the judgment be affirmed. *Judgment affirmed.*