# CASES

# SUPREME COURT OF ILLINOIS.

## CENTRAL GRAND DIVISION.

### JANUARY TERM, 1874.

ASAHEL GRIDLEY

*v.*

## L. W. CAPEN *et al.*

1. PRACTICE—*setting aside a continuance when no objection is made, is not error.* The plaintiff took leave to amend his declaration, and thereupon an order of continuance was entered. On the next day the order of continuance was set aside, the defendant filed a demurrer, and also a plea of the general issue, and the parties went to trial before the court without a jury; no exception was taken to the order setting aside the continuance: *Held*, there was no error.

2. GUARANTOR—*extent of the liability.* A guarantor of a promissory note is one who engages that the note shall be paid, but is not an indorser or surety, and he is regarded as an original promisor, and he is liable as well for the payment of any damages stipulated for in the note as for the amount of the note itself.

3. So, where a promissory note provided for the payment of twenty per cent per annum, if not paid at maturity, as liquidated and agreed damages, and the guaranty was, "for value received, we guarantee the payment of the within note when due," it was *held*, that the guarantor was liable for the stipulated damages as well as for the amount specified in the note.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. O. T. REEVES, for the plaintiff in error.

Messrs. WILLIAMS, BURR & CAPEN, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This is a writ of error to the circuit court of McLean county, to review and reverse a judgment rendered in that court in an action of debt brought by Lawrence W. Capen, for the use of Flavius J. Biggs, and against Asahel Gridley.

The point made by plaintiff in error is, setting aside an order of continuance granted the plaintiff on taking leave to amend his declaration.

The record shows that, on the 12th day of September, this order of continuance was made. On the next day, the order was set aside, and defendant filed a demurrer, and also a plea of the general issue, and the cause proceeded to trial and judgment. It may be well to state that the plea filed was not a plea to the action, but the parties went to trial on it before the court. without a jury. It does not appear defendant took any exception to the action of the court in setting aside the continuance, but, voluntarily and without objection, put in his pleas. Moreover, there does not appear to have been any ground for objection. The parties were in court, and no injury could have accrued. Besides, the action of the court in the matter was largely discretionary.

The other point brings up the question of the extent of the liability of the defendant, as guarantor of the note. The note was payable six months after date. with this provision: If not paid at maturity, to forfeit and pay twenty per cent interest per annum till paid, as liquidated. agreed and assessed damages thereon for said detention and non-payment.

On the back of the note was written : " For value received, we guarantee the payment of the within note, when due," etc.

Appellant insists his guaranty extended only to the payment of the note at maturity ; that his contract is, by its terms, expressly limited to the amount of the note, and that it can not be extended, by implication, beyond the terms used. He insists his undertaking was special.

The definition of a guaranty, by text-writers, is, an undertaking by one person that another shall perform his contract or fulfil his obligation, or that, if he does not, the guarantor will do it for him. A guarantor of a bill or note is said to be one who engages that the note shall be paid, but is not an indorser or surety. 2 Pars. on Bills and Notes, 117. If this be so, then he must be regarded as an original promisor, and this, we believe, is the doctrine of adjudged cases.

The presumption in this case is, as there is no date to the indorsement, it was made at the date of the note and simultaneous therewith. In such case the indorser is regarded as an original promisor, and bound to discharge the obligation. *Carroll* v. *Weld*, 13 Ill. 682.

The only question, then, is, what was the obligation? The answer is, to pay the note. Now, the damages therein stipulated are as much a part of the note as the sum stipulated to be paid. The contract on the part of the guarantor is, that the note shall be paid when due, according to its tenor. The guarantor is, therefore, liable as well for the stipulated damages as for the principal sum. He would certainly be liable for the interest which would be given on suit brought, by way of damages ; then, why not for stipulated damages?

We see no force in the objection to this judgment, and it must be affirmed.

*Judgment affirmed.*