JOHN MARTIN

*v.*

CHARLES E. CULVER *et al.*

87    49
84a 580

1. PLEADING AND EVIDENCE—*as to proof of members of firm.* In a suit upon the guaranty of a note indorsed by the payee to the plaintiffs by the style of "Culver & Co.," the note is admissible in evidence under an averment in the declaration that the payee indorsed the same to the plaintiffs; and, in the absence of any denial that the plaintiffs compose such firm, the mere production of the assignment proves that fact.

2. SAME—*execution of guaranty; when need not be proved.* A written guaranty for the payment of a note is an instrument in writing, within the statute dis-

pensing with proof of execution by the maker in a suit thereon against him, unless put in issue by plea verified by affidavit.

8. PRACTICE—*when specific objection should be made.* An objection to evidence that might have been obviated on the trial, if urged there, comes too late in this court for the first time.

APPEAL from the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

Mr. J. G. MANAHAN, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, on a guaranty of the payment of this note:

"$2,920.55.	*Sterling, Ill., October* 21, 1872.

One year after date we promise to pay to the order of Fred. H. Kent $2,920.55, with interest from date at 10 per cent, value received.

HENRY BRESSLER,

PETER BRESSLER."

It was indorsed, "I hereby guarantee the payment of the within note.	JOHN MARTIN."

And as follows: "Pay Culver & Co., or order.

FRED. H. KENT."

When the note was read in evidence appellant interposed a general objection, but pointed out no specific ground, and the court overruled the objection and admitted the note in evidence.

It is now urged that there is no averment in the declaration that the note was assigned to plaintiffs by the style of "Culver & Co." There is an averment that the payee indorsed it to the plaintiffs, and this was good in substance. The statement as to the manner in which it was assigned to them was but mere matter of proof, and in the absence of any denial that plaintiffs composed the firm of Culver & Co., the mere production of the assignment proved that fact. If the objection could have been raised without a plea verified by oath, there

was no specific objection that plaintiffs were not proved as constituting the firm, and the objection comes too late when urged for the first time in this court. Had it been urged on the trial in the court below, it would no doubt have been at once obviated.

The objection that the note bore the file-mark of the clerk, without being explained, is frivolous, and requires no discussion.

It is insisted that the signature of defendant to the guaranty should have been proved before it was read in evidence. Sec. 34 of the Practice Act provides that, "No person shall be permitted to deny, on trial, the execution or assignment of any instrument in writing, whether sealed or not, upon which any action may have been brought, * * unless the person so denying the same shall, if defendant, verify his plea by affidavit." Now, upon what was this action brought? Of course, on the guaranty of appellant. And it is manifest that it is an instrument in writing, and it follows that it is embraced in the provisions of this section. Hence appellees were not required to prove the signature, as the execution of the guaranty was not denied by plea verified by affidavit. The mere citation of the statute unmistakably establishes this proposition beyond cavil. No error is perceived in the record, and the judgment must be affirmed.

*Judgment affirmed.*