JOHN H. MEYERS *et al.*

*v.*

EDGAR E. ANDREWS.

1. CONTINUANCE—*affidavit must show diligence.* An affidavit for a continuance, which fails to show diligence in attempting to obtain the desired testimony, is insufficient.

2. ERROR—*should be assigned.* If a party desires to urge the refusal of the court to grant a continuance, he should assign the same for error.

28—87 ILL.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

Messrs. KILGOUR & MANAHAN, for the plaintiffs in error.

Messrs. BENNETT & GREEN, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Whiteside circuit court, by John H. Meyers & Co., doing business as commission merchants and dealers in butter and eggs, in the city of New York, plaintiffs, and against Edgar E. Andrews, a dealer in the same articles in the city of Sterling, in this State, defendant. The claim of plaintiffs was for money overpaid defendant on consignments of butter and eggs. The plea was *non-assumpsit,* with a plea of set-off claiming as under the common counts, accompanied by a bill of particulars.

There was a trial by jury, and a verdict returned for the defendant, on which judgment was rendered, to reverse which plaintiffs sued out this writ of error.

The first point they make is that the court refused them a continuance on the affidavit of Charles H. Laur, who had acted as attorney of the plaintiffs.

On the record twelve errors are assigned, this not being one of them. But waiving that, we have examined the affidavits and fail to find any evidence of diligence on the part of the plaintiffs to obtain the desired testimony. They knew, by the papers on file, that defendant claimed there was a sale of the butter to them at twenty-two cents per pound and not a consignment, and they had time to prepare to contest such a claim. They can not justly claim they were surprised on the trial by the character of the defense.

Upon the merits, the contest was as to the nature of this transaction. Was it a sale of the butter at a specified price, or a consignment merely, to abide the state of the market? There is ground for controversy on this point. Witnesses have been

fully heard on both sides, and we can not say the evidence does not sustain the verdict. We are inclined to hold, the butter was sold to plaintiffs in error for twenty-two cents per pound, at Sterling, to be paid on and after the sale. We think this is the weight of the testimony.

These are all the points which are argued. They are not sustained, and the judgment must be affirmed.

*Judgment affirmed.*