JACOB JOHNSON

v.

JOSEPH O. GLOVER.

</div>

1.   AFFIDAVIT FOR CONTINUANCE.—An affidavit for a continuance, which fails to show diligence in attempting to obtain the desired testimony, is insufficient.

2.   PRACTICE—AMENDMENTS.—Where the declaration has been materially amended, the defendant has the right to file additional pleas, and a refusal to permit him to file appropriate pleas would be error.   The court inclines to the opinion, however, that this rule does not apply until the amendment is actually placed on file; that mere leave to amend does not constitute an amendment.

3.   BILL OF EXCEPTIONS—PRESUMPTIONS.—Whenever a party has so framed his bill of exceptions as to leave room for presumptions, such presumptions must be indulged in as will support the judgment of the court below.

4.   EVIDENCE—GUARANTY—PLEADING.—Where, in an action of assumpsit on a guaranty of a promissory note, objection was made to the introduction of the note on the ground of variance, it being described in the special counts of the declaration as payable generally instead of at the particular place, *held*, that the note and contract of guaranty were admissible under the common counts of the declaration.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed June 9, 1886.

Mr. HENRY W. MAGEE, for appellant.

Messrs. JAMESON, MARSTON & AUGUR, for appellee.

BAILEY, P. J. This was an action of assumpsit, brought by Joseph O. Glover against Jacob Johnson, upon a guaranty of a promissory note. Said note is as follows:

"$1,500.                              CHICAGO, March 6, 1883.

"Ninety days after date, I promise to pay to the order of Jacob Johnson fifteen hundred dollars, payable at 226 South Water street, value received.

                              " NELSON & BULLEN."

On the back of said note the name of Jacob Johnson, the payee, appears indorsed twice, and over the second signature is written the following guaranty: "For value received I hereby guarantee payment of the within note." The declaration consists of two special counts on the guaranty and the common money counts, and the defendant's plea is non assumpsit. The trial, which was had before the court and a jury, resulted in a verdict in favor of the plaintiff for $1,784.93. From this sum the plaintiff remitted $74.93 and judgment was thereupon entered in his favor for $1,710 and costs.

The defendant has assigned for error the refusal of the court to grant his motion for a continuance. The trial was had at the October term, 1885, of the superior court, and it appears that after the jury had been impaneled and sworn, the defendant moved for a continuance, on the ground of the absence of W. H. Bullen, one of the makers of the note, and in support of said motion offered to read his own affidavit made and filed on a motion for a continuance on account of the absence of the same witness at the September term, 1884. No other proof was made or offered either as to the materiality of the witness or as to the defendant's diligence in procuring his testimony.

It is clear that there was no error in denying the motion. An affidavit for a continuance, which fails to show diligence in attempting to obtain the desired testimony, is insufficient. Meyers v. Andrews, 87 Ill. 433; Richard Iron Works v. Glennon, 71 Id. 11. The affidavit which the defendant offered to read was made more than thirteen months prior to the trial, and had no application to the facts as they existed at the time the motion was made. Not a syllable of proof was offered to show that the defendant had made the least effort, during all that period, to procure the attendance of said witness, or that it was impossible to procure his testimony at the trial, or that the witness was absent. So far as appears, by competent proof, he may have been sitting in the court room at the very moment the motion was being made. Counsel seems to have accompanied his motion with a suggestion that a subpœna had been issued for the witness, and that he could not be found. No proof of such suggestion, however, was offered. No subpœna seems to have been produced, and no evidence was offered that the slightest effort had been made to have the witness subpœnaed. It is manifest that upon such showing the court could not do otherwise than refuse a continuance.

Subsequently, during the trial, the defendant renewed his motion for a continuance, and asked for time to prepare an affidavit, showing that he was unprepared to proceed with the trial, but the court declined to grant such application or continue the cause. There was no suggestion of any new ground for the motion, and it was clearly a matter of discretion, with which we have no power to interfere, whether the defendant should be permitted to renew an application for a continuance already disposed of, and whether, during the progress of the trial, the proceedings should be interrupted for the purpose of giving counsel an opportunity to prepare proper affidavits to support his motion.

Objection having been made to the introduction in evidence of the note in question on the ground of variance, it being described in the special counts of the declaration as payable generally, instead of at a particular place, the plaintiff asked

and obtained leave to amend his declaration, by inserting therein a true description of the note, but it does not appear that such amendment was ever actually made. Upon such leave being given, counsel for the defendant asked leave to file instanter two special pleas of failure of consideration to the amended declaration, which the court refused to give, and such refusal is assigned for error.

It seems to be the rule that where the declaration has been materially amended the defendant has a right to file additional pleas, and that a refusal to permit him to file appropriate pleas would be error. McCarthy v. Neu, 91 Ill. 130; Griswold v. Shaw, 79 Id. 449; Nelson v. Akeson, 1 Bradwell, 165. But we are inclined to the opinion that the declaration can not be regarded as having been amended, within the meaning of this rule, until the amendment is actually placed on file, and that mere leave to amend does not constitute an amendment.

But without attempting to decide that question, it is sufficient to say, that the defendant has not preserved his proposed pleas in his bill of exceptions, and we therefore have no means of knowing whether they were so drawn as to present defenses to the action or not. Whenever a party has so framed his bill of exceptions as to leave room for presumptions, such presumptions must be indulged in as will support the judgment of the court below. We may therefore sustain the action of the court in refusing to allow said pleas to be filed, upon the presumption that they were insufficient in form, or substance, or both.

It is insisted that the court erred in admitting the note in evidence because, first, as the declaration had not been actually amended there was still a variance between the note and declaration; and, secondly, because of a variance between the note and the copy thereof filed with the declaration. To the first point it may be answered that as the declaration contained the common counts the note and contract of guaranty were, as we think, admissible under those counts. A contract of guaranty is not a collateral but an original undertaking. Gridley v. Capen, 72 Ill. 11; Rich v. Hathaway, 18 Id. 548.

Johnson v. Glover.

As held in Gage v. Mechanics National Bank, 79 Ill. 62, where the guaranty was precisely like the one in the present case, the contract entered into by the guarantor is an absolute undertaking to pay the note at maturity. It would thus seem to be clearly within the rule that where a claim is merely of a pecuniary nature, and is founded upon a past or completed or executed consideration, it is sufficient to declare upon the *indebitatus assumpsit* counts. 1 Chitty's Plead., 295. Or as the rule is more frequently stated, when the terms of a special contract have been so far performed that nothing remains but a mere debt or duty to pay money, then the amount due may be recovered under a general count. 1 Chitty's Plead., 350, note f. It would thus seem that the misdescription of the note in the special counts of the declaration was immaterial. As to the second point, there seems to be no variance between the note and contract of guaranty, and the copy of the contract sued on filed with the declaration. The variance alleged is the omission in the copy of a certain indorsement appearing on the note, placed there by a former holder, by way of an assignment, for collection, and subsequently erased. It is very clear that such indorsement is no part of the contract sued on, and is therefore no part of the copy required by the statute to be filed with the declaration.

The defendant's plea of non-assumpsit was not verified by affidavit, nor did he file his affidavit denying the execution of the instrument sued on, as provided by the thirty-third section of the Practice Act, and he therefore was not at liberty to deny at the trial the execution of the guaranty in question. Martin v. Culver, 87 Ill. 49. As against him its execution must therefore be regarded as being conclusively established. The court, however, allowed the plaintiff to give evidence tending to show that the defendant put his signature on the back of the note with the intention of guaranteeing it, and the admission of such evidence is assigned for error. We are inclined to the opinion that the evidence was improperly admitted, as there was no issue to which it was responsive. The only purpose of its admission was to prove that which was already admitted by the pleadings, viz., the execution of

the guaranty. But we are unable to see how the defendant was at all prejudiced by its admission. It only tended to prove a fact which the defendant had not denied and was not at liberty to deny; and it could therefore have had no influence one way or the other in the determination of the issues which were submitted to the jury.

A considerable effort was made by the defendant at the trial to show that the plaintiff purchased the note after maturity, but the preponderance of the evidence seems to show very clearly that he purchased and obtained possession of it a short time prior to the expiration of the days of grace, and also that he obtained it from a *bona fide* assignee to whom it was negotiated long before maturity. But the question whether the plaintiff was an assignee before or after maturity becomes unimportant, for the reason that the defendant failed to establish any defense to the note or guaranty. The defense sought to be proved was payment at maturity by or on account of the makers. As to that matter the preponderance of the evidence was manifestly against the defendant, and would not, in our opinion, have sustained a verdict in his favor.

After the verdict the defendant applied for a new trial, basing his application, among other things, upon the ground of newly discovered evidence. Said evidence, as disclosed by his affidavits filed in support of his motion, is mainly if not entirely cumulative, and is by no means conclusive. In addition to this, the reasons disclosed for not having discovered said evidence in time to have produced it at the trial are entirely insufficient to exculpate the defendant from the charge of negligence. We think the motion for a new trial was properly denied.

Some other propositions are discussed by the counsel for the defendant which we do not deem it necessary to notice, beyond saying that, in our opinion, they are without merit. We find no material error in the record, and the judgment will therefore be affirmed.

<div style="text-align: right">Judgment affirmed.</div>