45  355
84  581

## Charles L. Eaton
### v.
## William Harth.

*Guaranty—Action Against Guarantor—Judgment Already Taken Against Principal—Not Estoppel as Against Guarantor When—Costs and Attorney's Fees in Suit Against Principal—Pleading.*

1. A judgment is conclusive of what it necessarily decides only. When introduced in evidence as an estoppel it can not be explained or varied by parol evidence.

2. Where a contract of guaranty only extended to a portion of the contract between the principals, a judgment in a suit against the principal could not be introduced in a suit against the guarantor as an estoppel.

3. The money expended by plaintiff in prosecuting his suit against the principal for costs and attorney's fees, can not be recovered of the guarantor in the case presented.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. CLARENCE GRIGGS and FRANK G. ALLEN, for appellant.

Mr. M. T. MOLONEY, for appellee.

MR. JUSTICE LACEY. The appellee brought action against appellant to recover damages for the breach of contract of guaranty, of a portion of a certain contract of one John L. White with the appellee, to sink a coal shaft and do other things. The contract between White and appellee was substantially as follows: White agreed with the latter " to sink a coal shaft six feet by twelve down to first vein of coal, and case the same all the way down with timber four inches thick, and build a platform over said shaft with shed over the same 20x30 feet, and divide one side of said plat-

form into four bins for the storage of coal; also to furnish
ten new coal cars of usual size for use of shaft, for which
appellee agreed to pay before the completion of the work,
$1,600." It was also agreed the "said White shall retain
control of the finished shaft for the purpose of working and
mining the coal, and he agrees to pay as rent to said Harth
the amount of one cent per bushel of all coal mined and
sold, to be paid at the end of every month." The appellant,
Charles L. Eaton, guaranteed the fulfillment of a portion of
said contract by indorsement thereon as follows, viz.: "Will-
iam Harth (the appellee), in the honest disposal of the
money given to John L. White, I, C. L. Eaton, of the town
of Deer Park, county of La Salle and State of Illinois, do
hereby guarantee the fulfillment of the covenants of the said
John L. White, as far as the sinking of the shaft and build-
ing superstructure is concerned."

The appellee commenced suit against White on the said
contract at the January term, 1889, of the Circuit Court,
alleging several breaches of said contract, as follows, viz.:
That White failed to comply with the contract in every re-
spect; that he performed it in a wrongful and unskillful
manner; that he wantonly and negligently failed and refused
to carry out the provisions of the contract.

By an agreement between the parties to that suit the de-
fendant, White, was allowed to offer any and all evidence
which could be offered under all pleas which might be prop-
erly pleaded to plaintiff's cause of action. The cause was
tried before the court and a jury, resulting in a verdict for
the appellee herein, and plaintiff in that suit, in the sum of
$619.25, upon which judgment was rendered, and remained
in full force at the time of the trial herein.

That judgment and verdict included recovery for the
failure of White to furnish the ten coal cars stipulated for
in the contract, but not guaranteed by the appellant, by his
within guaranty on the back of the contract. The suit now
under consideration was brought in the same court, and the
declaration set out the said contract and guaranty, and
averred the breaches of the contract as far as guaranteed by

Eaton v. Harth.

appellant, and declared for damages on the guaranty. After the trial and judgment against White, appellee, by leave of court, filed an amended count, in which the contract was set forth in full, and the guaranty and breaches, and then set up the recovery against White as above set out and declared as for the measure of damages, the amount of the said judgment, and the plaintiff's costs therein, amounting to $225.30, and the attorney's fees expended by appellee in that suit, amounting to $200. The case now under consideration was tried by the court without a jury, and resulted in a finding and judgment for appellee for $986.35.

The declaration and pleadings and the judgment in the case of appellee against White, were introduced in evidence and treated by the court as an estoppel, and appellant prevented from introducing evidence which he offered to controvert the breach of the agreement by White so far as guaranteed by him. The court then allowed evidence to be introduced against appellee's objections, showing the estimation of witnesses sworn on the trial of the case against White as to the value of the ten coal cars White was to furnish by the terms of his agreement, but failed, and which appellee did not guarantee, which evidence showed an estimation of such value to be $6 to $6.10 per car. The court also allowed appellee to show that the amount of his attorney's fees expended in the case against White was $200, and the costs he incurred to be $186.30. The court then computed the supposed amount of the judgment against White, made up for the failure to furnish the cars, at $60, added the balance of the White judgment to the amount of the appellee's costs and attorney's fees in that case, and gave judgment for that amount, as above stated. The action of the court in treating the judgment of the court in the case against White as an estoppel to the appellant against his making any defense in this case and in allowing as damages appellee's costs and attorney's fees in that case, are the material alleged errors complained of by attorney for appellant.

It may be admitted that appellee had notice of the pendency of the suit against White; and that he made no defense to

the action in White's name nor attempted to make any. There are several questions involved in this controversy depending somewhat and in one phase upon how the main one should be answered. The main and most important one in this case is, can a judgment recovered in a suit by a contractee against the contractor, based on a charge of breaches of several covenants in his bond, be pleaded in bar against or set up in estoppel to a defense grounded on a plea of no breach of covenant by the principal, where the same plaintiff sues a guarantor of a portion only of such covenants in such bond on such portion so guaranteed, not being the only ones, however, litigated in the original suit? The answer to this depends on the principles of the law of estoppel by judgment. We need not in this case decide whether appellant was in privity with White in such a way that the judgment in appellee's favor against him, if the issues had been the same in the two suits as to bind appellant by the judgment in the White suits, for even admitting that to be so for the purposes of argument, it will be seen that the issues were not the same, nor the amount of the judgment the same as was sought to be recovered in this suit.

The rule applicable in this class of estoppels, as announced in the decisions of our Supreme Court and supported by all the authorities, is as follows: " A judgment is not evidence of any matter which is only to be inferred therefrom by argument and which probably did, but might not, constitute the true ground of recovery; for to admit a presumption that a fact is established by the judgment, and not allow that presumption to be rebutted by proof that it is without foundation, would be to reverse the rule applicable to all presumptions of fact. The authorities are therefore that a judgment is conclusive only of what it necessarily decides." Kitson v. Farwell, 132 Ill. 327. If we apply the rule here we see that the judgment in the case of appellee v. White was not the measure of damages for failure to dig the coal shaft and put up the superstructure, but was that and something more, *i. e.*, the expense of furnishing ten coal cars. Therefore it was uncertain and indefinite as to

how the judgment should be apportioned between these claims for damages made in the suit against White. It was sought, however, to raise a presumption that a certain portion of it must have been $60, and the other portion the balance of the judgment, by showing that the evidence introduced in the case put the value of the coal cars at from $6 to $6.10 apiece; therefore, as a presumption the jury must have found that amount due for failure to furnish the cars, and the balance for the other breaches. If proof and presumptions like this could be allowed, it would seem to be proper to give appellant a chance to rebut by showing the evidence in the case did not justify the jury to find anything due on the other alleged breaches; that there was no evidence to sustain it, or at least not to such an amount, and hence the jury must necessarily have found more for the coal cars, otherwise the verdict would be wrong. When a judgment is introduced in evidence as an estoppel, it can not be varied or explained by parol evidence as it rests in the record. The pleadings are read to see what the issue was, and that it was identical with the case in which it is pleaded as an estoppel, and then follows the judgment. Sometimes it may be admissible to show by parol what was the real issue before the jury, and to show what evidence was introduced, simply to show what the issue was; but never is it allowable to explain the nature of the evidence to show what the jury really found by its verdict as between two claims, or how, according to the evidence, it ought to have found. Presumptions of this kind as to what was found by the jury, as we have above shown, are not to be indulged in order to make a judgment operate as an estoppel. The issues and judgment following must, of themselves, show this positively and clearly or there can be no estoppel.

We now come to the question of the damages allowed in the case by the way of allowing appellee's costs and his expenditure of money for attorneys in the White suit. On what principle of law the court allowed appellee to recover for attorney's fees we are at a loss to know. This suit is based on a contract entered into by appellant with appellee

for a consideration—to guarantee the performance of White's contract to a certain extent. White defaulted in his contract. What remedy had appellee against appellant? He had his right of action on the bond. If he sued White the law of this State would allow him his costs in case of recovery against White, but no attorney's fees. Did appellant's contract of guaranty render him under any more obligation in case of the breach of his and White's contract, than the latter, as the principal, was bound for? If that be so, the same logic would make him bound for the money appellee may spend for attorney's fees in prosecuting the present suit, and the appellant would have no recourse on White for such losses. The money expended by appellee in attorney's fees in prosecuting his suit against White, is a loss he can never recover either against White or any one else unless he has some special contract to that effect, or unless some special statute should allow it. As to the right to recover for costs made in the suit against White, we are satisfied he has no such right. The contract of guaranty does not, as we understand it, cover costs that appellee might incur in prosecuting the principal. Appellant's contract simply guarantees the fulfillment by White of the latter's contract with appellee. The guaranty contract is broken when the principal fails to perform, and the guarantor may at once be sued, and the damages recovered for the breach of the contract on the part of the principal. The guarantor in this class of cases is regarded as an original promisor, and no suit need be prosecuted against the principal in order to fix the liability of the guarantor. A suit, therefore, against the principal, is wholly unnecessary and useless. Gridley v. Capen, 72 Ill. 11; Penny v. Crane Bros. Mfg. Co., 80 Ill. 244. And we think that no inference can be legitimately drawn from the fact of guaranty of performance of the principal's contract, that the guarantor should pay costs expended in a suit by the guaranteed party against the principal. Douglass v. Howland, 25 Wendell, 35. A contract of guaranty must be strictly construed, and the guarantor can not be made liable except by the strict terms of

his contract. Ryan v. Trustees, 14 Ill. 20. Finney v. Condon, 86 Ill. 78. In cases of an indorser of a promissory note, where the prosecution of the maker to insolvency by the indorsee is one of the modes provided for in the statute to fix the liability of the indorser, it is proper to allow costs incurred by the indorsee in such prosecution in his suit, afterward brought by him against the indorser. But, in case of a guarantor, where no suit is necessary or required, we have always understood the rule to be different. The note guaranteed and interest, is the measure of damages in that case. The case of Westfield v. Mayo, 122 Mass. 107, is not a case like this. There the plaintiff was made immediately liable to be sued on account of the wrongful act of the defendant, and was sued and was compelled to pay costs and counsel fees ; it was held to be reasonable that the wrongdoer should reimburse plaintiff for those expenses. That would seem reasonable and equitable. But this is quite a different case. The liability rests on a contract, and the costs incurred by appellee were useless and voluntary. But in this case the cause of action in appellee's suit against White, as we have seen, was a different one from the cause of action sued on in the case, and can not be regarded as identical for any purpose. The judgment in that case can be neither held as an estoppel against appellant, nor can any expenses in prosecuting it be recovered even if they could in a case where the cause of action was identical. The appellee insists that inasmuch as a demurrer to the amended count setting up the judgment was demurred to, and the demurrer overruled and issue joined, there can be no defense here, even if the count were bad. We do not regard this point good. We have examined that count, and while it is not as clear as it might be, we think the proper construction to be given to the allegations in regard to the former recovery, is, that the cause of action litigated in that case was the same as the one sued on in this case. If there is any doubtful meaning in pleading, such ambiguity should be taken most strongly against the pleader. The court must have understood the pleading in this way, or a demurrer would have been sustained to it.

This, then, being the state of the pleadings when the evidence was introduced and showed the causes of action different in the two cases, the plea was not sustained. The court, however, tried to sustain it, and heard proof and divided the judgment, and held a portion of it to be an estoppel to that extent. The evidence failed to support the allegations of the plea that the entire judgment was an estoppel, which judgment was set out in figures. The estoppel allowed was entirely different from the one pleaded. The entire judgment was pleaded and appellant estopped only as to a part. Our conclusion, then, is, that the court erred in allowing any portion of the judgment against White to be set up as an estoppel, in allowing such judgment as any part of the measure of damages, and in allowing costs and attorney's fees incurred by appellee in that case as a part of the damages, and in not requiring the case to be tried the same as though the suit of appellee against White had never been tried.

For these reasons the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*