# Edward Maher v. Building & Loan Association of Dakota.

1. CONSIDERATION—*When Unnecessary—Guaranty.*—Where a person guarantees a note before its delivery, the consideration for the note is the consideration for the guaranty, and no new consideration moving to the guarantor is necessary to support the guaranty.

Assumpsit, on a guaranty of a promissory note.—Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Judgment for plaintiff on demurrer. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed December 12, 1898.

MAHER & GILBERT and ROBERT F. KOLB, attorneys for appellant.

PARKER & PAIN, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The appellee sued appellant in assumpsit, as guarantor of a promissory note of date December 12, 1896, for the sum of $250, due forty days after the date thereof, made by Charles Seymour Crysler, payable to appellee and indorsed "Edward Maher." The declaration contained a special count on the guaranty and the common counts. Appellant pleaded the general issue to the common counts and four special pleas to the special count, to three of which special pleas the court sustained a demurrer, and appellant stood by his pleas. The sustaining the demurrer to these pleas is assigned as error. The first special plea is " That the supposed promissory note in that count mentioned was given without any consideration, so far as this defendant is concerned." The second is that " The supposed promissory note in that count mentioned was given for a consideration that has wholly failed as to this defendant, except as, to wit, the sum of one dollar," etc.

The third special plea is, in substance, " That defendant, Crysler, gave with the note certain collateral for the plaint-

iff to dispose of and credit the proceeds therefrom on said note and render balance to said Crysler; that the plaintiff did not use due care in disposing thereof and thereby became indebted to the defendant, Edward Maher, in the sum of two thousand dollars, which said defendant offers to set off against the claim of the plaintiff."

The declaration avers that, at the time of the execution of the note and prior to its delivery to appellee, appellant indorsed it, a fact which the law implies, in the absence of evidence to the contrary. In such case, the consideration for the note is the consideration for the guaranty. Carroll v. Weld, 13 Ill. 682; Gridley v. Capen et al., 72 Ib. 11.

And no new consideration moving to the guarantor is necessary to support the guaranty. Dillman v. Nadelhoffer, 160 Ill. 121, 124; Brokaw et al. v. Kelsey, 20 Ib. 303.

Appellant's pleas do not aver want or failure of the consideration of the note, but want of consideration as far as he is concerned and failure of consideration as to him. The third special plea is so bad, as a plea of set-off, as to render comment unnecessary.

Appellant assigns as error the sustaining a demurrer to his fourth special plea, but he amended that plea, thus confessing the demurrer. Appellee replied to the amended plea and one issue of fact thus formed, was whether appellee had received any collaterals with the note, and the jury found that, with other issues, for appellee. The demurrer to appellant's special pleas was properly sustained.

The judgment will be affirmed.