# John Davis v. Wolff Manufacturing Company.

1. PLEADING—*Contracts Not to be Varied on Parol Evidence.*—To admit evidence under an unverified plea of the general issue, in an action upon a guaranty indorsed on a promissory note, tending to show that the liability of the defendant was that of an indorser and not of a guarantor, is equivalent to permitting a party to contradict by oral testimony the terms of the written contract of guaranty, and in effect to deny its execution.

2. PRACTICE—*Denying the Execution of the Instrument Sued On.*— A defendant is not permitted, under the plea of the general issue unverified, to deny the execution of the instrument sued on.

3. GUARANTY—*An Original Contract.*—A guaranty of a note is not a collateral contract, but is an original undertaking, and the guarantor is an original promisor.

4. SAME—*Consideration.*—When a contract of guaranty is placed upon a promissory note at the time of its execution, the consideration for the note is the consideration for the guaranty, and no further consideration need be proved.

Assumpsit, on a contract of guaranty. Trial in the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Verdict and judgment for plaintiff; error by defendant. Heard in this court at the March term, 1899. Affirmed. Opinion filed July 20, 1899.

GEO. R. MITCHELL, attorney for plaintiff in error.

ARNOLD HEAP, attorney for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is error to reverse a judgment for $6,856.51 in favor of defendant and against plaintiff in error. September 14, 1895, the Davis-Cresswell Manufacturing Company made three promissory notes of that date, payable to the order of the L. Wolff Manufacturing Company, each for the sum of $1,813.90, with interest at the rate of four per cent per annum until paid, the notes being payable, respectively, in six, nine and twelve months from date. Indorsed on each note was the following:

" For value received, I hereby guarantee the payment of the within note at maturity or at any time thereafter, with

interest at eight per cent per annum until paid, and agree to pay all costs and expenses paid or incurred in collecting the same.    .    John Davis."

It would appear from the evidence that the guaranty was stamped or printed on the notes.

The suit was assumpsit on this guaranty. The declaration contained a special count and the common counts. In the special count the notes are properly described and the above guaranty is set out literally.

Plaintiff in error pleaded the general issue only, unverified. On the trial plaintiff in error offered evidence which he claimed tended to show that his liability was that of an indorser and not a guarantor, which evidence the court excluded, and this is assigned as error. To have admitted the evidence would have been equivalent to permitting plaintiff in error to contradict by oral testimony the terms of the written guaranty, and, in effect, to deny its execution, which, under section 33 of the practice act, could not be done in the absence of a plea denying the execution verified by affidavit. 3 S. & C.'s Stat., Ch. 110, par. 34; Martin v. Culver, 87 Ill. 49; Johnson v. Glover, 19 Ill. App. 589.

The last case was assumpsit on a guaranty and the court, Bailey, J., delivering the opinion, say: ·

"The defendant's plea of non-assumpsit was not verified by affidavit nor did he file his affidavit denying the execution of the instrument sued on, as provided by the thirty-third section of the practice act, and he therefore was not at liberty to deny at the trial the execution of the guaranty in question. Martin v. Culver, 87 Ill. 49. As against him its execution must, therefore, be regarded as being conclusively established. The court, however, allowed the plaintiff to give evidence tending to show that the defendant put his signature on the back of the note with the intention of guaranteeing it, and the admission of such evidence is assigned for error. We are inclined to the opinion that the evidence was improperly admitted, as there was no issue to which it was responsive. The only purpose of its admission was to prove that which was already admitted by the pleadings, viz., the execution of the guaranty. But we are unable to perceive how the defendant was at all prejudiced by its admission." Ib. 589.

Counsel for defendant in error object that there was a material alteration of the notes, in that the notes call for four per cent interest, while the guaranty is for eight per cent. The vice of this contention is in assuming that the guaranty is part of the note, whereas the guaranty is not a collateral but an original undertaking, and the guarantor an original promisor. Gridley v. Capen, 72 Ill. 11; Eaton v. Harth, 45 Ill. App. 355, 360; Johnson v. Glover, 19 Ib. 585, 588.

It is objected that there was no averment or proof of consideration for the guaranty, that there was a variance between the declaration and the evidence, and that the court erred in instructing the jury to find the issues for defendant in error. The declaration avers that the guaranty was written when the notes were executed. John F. Wolff testified that the guaranty was on the notes when defendant in error received them. The name of Davis, who was not a party to the notes, being on the back of the notes in the hands of the payee, the presumption is that his name was put there at the time of the execution of the notes, and in such case the consideration for the note is the consideration for the guaranty, and no further consideration need be proved. Carroll v. Weld, 13 Ill. 682; Gridley v. Capen, 72 Ib. 11; Parkhurst v. Vail, 73 Ib. 343; Dillman v. Nadelhoffer, 160 Ib. 121; Maher v. B. & L. Ass'n, 79 Ill. App. 231.

The objection of variance is based on a hypothesis stated by counsel for plaintiff in error in his argument, that in the declaration, as originally filed, the word " note " was used instead of notes, and the date of the note mentioned was " September 14, 1898," instead of September 14, 1895. This hypothesis is not sustained by the record. The only declaration in the transcript of the record has the word " notes," and the date of the notes mentioned is " September 14, 1895."

The court instructed the jury to find the issues for the plaintiff, and to assess the damages at $6,856.51, which amount was not in excess of the principal sum due on the notes, and interest at eight per cent per annum till date of

verdict. The only evidence offered by plaintiff in error, except such as was properly excluded, was a letter from himself to Joseph Cresswell, which is as follows:

"THE JOHN DAVIS CO., Chicago, Sept. 18, 1895.
JOSEPH CRESSWELL, Denver, Colo.

DEAR SIR: Inclosed please find the Wolff notes indorsed by me. I should think that the hose people and Wolff's folks were very lenient to settle at the rate of four per cent per annum. The weather is very warm here and has been for the last two weeks.

Yours respectfully,
JOHN DAVIS."

This letter was admitted in evidence over the objection of counsel for defendant in error, and shows that Davis' name was on the notes before they were delivered to defendant in error by the maker. We think the court properly instructed the jury to find for the plaintiff. The judgment will be affirmed.