## Herbert W. Duncanson v. Eliza Ann Kirby.

1. GUARANTY—*Of Promissory Note, An Original Contract.*—The contract of guaranty is an original contract and the guarantor of a promissory note is regarded in law as an original promisor and not a surety.

2. SAME—*Contracts of, in General.*—The following writing on the back of a promissory note—" I hereby guarantee the prompt payment of the within note at maturity, with interest. H. W. Duncanson"—is a guaranty of payment and not merely of the collection of the note.

3. SAME—*Writing an Express Contract Over the Guarantor's Signature.*—Where a person puts his signature in blank as guarantor upon the back of a promissory note, the payee of the note, is warranted in writing the express guaranty over the signature.

4. PRESUMPTIONS—*As to When an Indorsement is Signed.*—The law presumes that the signature of a guarantor on a promissory note was placed upon it at the time the note was executed.

5. CONSIDERATION—*Of the Contract of Guaranty.*—The consideration of a promissory note is the consideration of the contract of guaranty indorsed upon it.

Assumpsit, on a promissory note. Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed June 14. Rehearing denied July 9, 1900.

ALDEN, LATHAM & YOUNG, attorneys for appellant.

RUDOLPH D. HUSZAGH, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in assumpsit in favor of appellee and against appellant, as guarantor, and one John M. Gee, as maker, of a promissory note. The note and indorsements thereon are as follows:

"$400                        CHICAGO, Illinois, May 30, 1897.

One year (on or before) after date, for value received, I promise to pay to the order of myself the principal sum of four hundred ($400) dollars in gold coin, with interest thereon at the rate of seven (7) per cent per annum, payable semi-yearly, to wit, on the twentieth day of May and of November in each year, until said principal sum is fully paid. Both principal and interest are payable at room 12, 70 Madison street, Chicago, Illinois.

"The several installments of interest aforesaid for said period are further evidenced by two (2) interest notes or coupons, of even date herewith.

"The payment of this note is secured by trust deed of even date herewith, on real estate in Cook county, Ill.

No. 1.                                    JOHN M. GEE."

Indorsed on the back thereof:

"Pay to the order of Eliza Ann Kirby.

JOHN M. GEE."

"I hereby guarantee the prompt payment of the within note at maturity, with interest.

H. W. DUNCANSON."

The defendants introduced no evidence, and the court, at the close of plaintiff's evidence, instructed the jury to find for the plaintiff, and assess the plaintiff's damages at the sum of $444.24, which was done, and judgment was entered on the verdict.

Appellant's counsel contend, first, that appellant was an indorser only; second, that the note was secured by trust deed, and that it was incumbent on appellee to exhaust the security before suing on note; third, that appellee's attorney wrote the guaranty over appellant's signature shortly before suit brought; and, fourth, that the judgment is general against Gee and appellant, without any provision for the protection of the defendants in the judgment against each other.    The evidence for the plaintiff fully sustains the allegation in the declaration that appellant indorsed the note as guarantor, and not merely as guarantor of its collection, but as guarantor of its payment.    Aside from the oral evidence to this effect, and in the absence of such evidence, a guaranty would be implied by law from the note and appellant's indorsement.    Appellee is the payee of the note. The law presumes that the signature of appellant was placed on it at the time it was executed, and that, he being a stranger to the note, his contract was that of guarantor, the consideration for the note being the consideration for the guaranty.    Maher v. Bldg. & Loan Ass'n, 79 Ill. App. 231; Davis v. Wolff Mfg. Co., 84 Ib. 579, and cases cited.

Appellant's contract being that of a guarantor, appellee was fully warranted in writing the express guaranty over his signature.    Swigart v. Weare, 37 Ill. App. 258.

The judgment was properly entered against both defendants, and it was unnecessary to insert any provision for the protection of the right of either defendant as against the other.    Appellant's rights, if any, as against the maker of the note, are saved by the statute.    Hurd's Stat., C. 93, Sec. 7a.

The proposition that it was incumbent on appellee to resort to the security of the trust deed before suing on the note and guaranty, is so clearly untenable as not to require discussion.    The contract of guaranty is an original contract, and the guarantor of a promissory note is regarded as an original promisor, and not a surety.    Gridley v. Capen, 72 Ill. 11.

The judgment will be affirmed.