## Joseph Pfirshing and Peter Keller v. Babie Heitner.

1. PROMISSORY NOTES — *Explanation of Indorsements by Third Parties.*—Where a person who is not the payee of a promissory note, places his name upon the back of such note, it may be shown by parol evidence what liability he intended to assume by so doing.

2. PRESUMPTIONS—*Where a Third Party Writes His Name Across*

*the Back of a Promissory Note.*—Where a third party writes his name across the back of a promissory note the presumption from such indorsement is that he assumes the liability of a guarantor.

3. HUSBAND AND WIFE—*When Competent as Witnesses for or Against Each Other.*—Where a litigation concerns the separate property of the wife, the husband is a competent witness.

4. PRACTICE—*Death of a Defendant Pending Suit.*—Where the court obtains jurisdiction of a party and he dies while the suit is pending, and no notice of his death is brought to the attention of the court, a judgment entered in the suit against him is not void.

5. INSTRUCTIONS—*Effect of the Omission of the Words "From the Evidence."*—It is not error to refuse an instruction which tells the jury if they believe, without telling them that such belief must be from the evidence.

Assumpsit, by second indorsee against a guarantor. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 23, 1900.

HENRY MEISELBAR, attorney for appellants.

GOLDZIER & RODGERS, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

Appellee, as second indorsee, brought suit against appellants and others, as guarantors of a promissory note which, with the indorsements thereon, was as follows:

$500. "CHICAGO, November 20, 1890.

On or before nine months after date, for value received, The Western Gas Improving Co. promises to pay to the order of Peter Keller the sum of five hundred dollars, at No. 116 LaSalle street, with interest at the rate of six per cent per annum after date.

THE WESTERN GAS IMPROVING CO.,
By Joseph Pfirshing,
President.

Jacob Portz, Sec.

{ WESTERN GAS IMPROVING CO. }
{ SEAL }
{ Chicago, Illinois. }

(Indorsements on back of note are as follows:)

" Chicago, July 17, 1891.
Received full amount of within note, from D. Heitner.
                        Peter Keller."
                " Chicago, September 28, 1893.
Pay to order of Babie Heitner without recourse.
                        David Heitner."
                " Joseph Pfirshing,
                Joseph Des Jardins,
                Jacob Portz,
                Peter Keller."
" Pay to the order of David Heitner.
                        Peter Keller."

Certain pleas and replications were filed which, in the language of appellants' brief, closed " the issue as to whether there was a guaranty or indorsement, as well as the time when such guaranty or indorsement was made."

It was held in Kingsland v. Koeppe, 137 Ill. 344, that where a person who is not the payee of a promissory note, but a third party, places his name on the back thereof, the long-established rule in this State is, that it may be shown by parol evidence what liability was intended to be assumed by so doing.

And after citing cases the court continues :

" From the cases cited it is apparent that this court is fully committed to the doctrine that where a third party writes his name across the back of a promissory note, the presumption from the indorsement is that he assumes the liability of guarantor.  Yet parol evidence may be introduced to prove what liability was in fact assumed."

It was therefore a question of fact for the jury, under the evidence, to determine whether the legal presumption, so stated, in favor of the contract being one of guaranty, was fairly overcome.  The burden of showing to the contrary of such presumption was on the defendants.  On that question, on much contrariety of facts testified to by the several witnesses, the jury found against the appellants, and such finding binds us.  The question was, as appellants say, whether the contract was one of guaranty or of indorsement, and that, under the pleadings, depended upon the time when the indorsement of appellants' names were placed upon the note.  Duncanson v. Kirby, 90 Ill. App. 15.

Upon evidence that would have justified a jury in finding either way, as to the time when the indorsements were made, the appellants were beaten, and from a consideration of all the facts in evidence we are unable to say the finding was so palpably wrong as to warrant a disturbance of the verdict, sanctioned as this one has been by the trial judge.

The point is made that it was error to allow the husband of the appellee to testify in her behalf.

The fifth section of the evidence act expressly provides that husband and wife may be witnesses for and against each other where the litigation is concerning the separate property of the wife, and there is nothing in the proviso to that section that makes the testimony of the husband, witness in this case, incompetent. McNail v. Ziegler, 68 Ill. 224.

Another of the assigned errors is that judgment was given against all the defendants; whereas, as claimed, the defendant Des Jardins had died during the pendency of the suit.

Proof of the death of Des Jardins does not appear, so far as we have been able to find in the record, but the fact does not seem to be disputed.

If we assume that Des Jardins died while the suit was pending, and that the court had acquired jurisdiction over him in his lifetime, then no notice of his subsequent death being brought to the attention of the court by plea or suggestion, a judgment against him was not void. Claflin v. Dunne, 129 Ill. 241.

Both the abstract and the transcript are deficient in bringing before us the facts as to Des Jardins. Perhaps this is owing to the loss of many of the files. But appellant admits he was a party defendant, and no one for him is here making any objection to the judgment that was rendered against him. The appellant is not harmed by the irregularity, and we do not think he can take advantage of it.

Complaint is made concerning the refusal by the court to give four instructions asked by appellants. Each of said

instructions tell the jury that if they find, or if they believe, so and so, without telling them if they find or believe from the evidence. Such omission was sufficient to warrant the refusal to give the instructions, and we will not examine them further.

We discover no available error in the record (although we may not have discussed every point), and therefore our opinion is that the judgment of the court below be affirmed.