John A. Hyde, Appellee, v. John A. Sokol, Appellant.

Gen. No. 17,377.

1. APPEALS AND ERRORS—*when finding of trial court without jury conclusive.* Where the trial court without a jury holds special findings of fact submitted by defendant, such findings upon the facts in issue and so submitted must be regarded as conclusive on appeal by defendant, when no cross-errors are assigned on the rulings thereon.

2. NEGOTIABLE INSTRUMENTS—*guaranty.* Where one indorses a note as guarantor before its delivery, the consideration of the note is presumed to be the consideration for the guaranty.

3. EVIDENCE—*presumption that one in possession is owner.* It must be presumed that a person in possession of a store and stock of goods on the day that notes given by him in payment therefor were dated was then the owner thereof, in the absence of evidence tending to show that such possession was acquired conditionally.

4. NEGOTIABLE INSTRUMENTS—*when indorser not liable as guarantor.* A person is not liable upon notes as guarantor where it appears that such person signed at the payee's request several days after delivery thereof, that the maker never requested him to indorse the notes, that he never agreed with the maker to do so, that the payee did not request him to sign before or at the time the consideration was delivered, that he did not then agree to do so and that no consideration was given or promised, for the indorsement.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed with finding of fact. Opinion filed April 9, 1913. Rehearing denied April 24, 1913.

DELBERT A. CLITHERO and JAMES H. DUNN, for appellant.

MICHAEL FRANK CURE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit instituted by John A. Hyde against John A. Sokol in the Municipal Court to recover upon two promissory notes whereon it is sought to charge the defendant as guarantor. A trial by the court without a jury resulted in a judgment against defendant for $1,035, and this appeal followed.

The verified statement of claim filed by plaintiff states that the claim is for money past due and owing on two notes of $500 each, made by one Olaf J. Johnson, dated November 12, 1906, payable to the order of plaintiff in 44 and 48 months, respectively, after the date thereof, with interest at the rate of 6 per cent per annum after date, which said notes the defendant, before the execution and delivery thereof, indorsed in blank as guarantor, etc.

The verified affidavit of merits filed by defendant states that defendant did not indorse in blank as a guarantor the two notes described in plaintiff's statement of claim before the execution and delivery thereof; that defendant did indorse as a guarantor said notes described in plaintiff's statement of claim after the execution thereof by one Olaf J. Johnson and after the same had been delivered to plaintiff, the payee; that defendant indorsed said notes as a guarantor at the special instance and request of the plaintiff; that the indorsement by defendant as a guarantor, as aforesaid, of said notes was wholly without any consideration therefor; that neither the said plaintiff, the said Olaf J. Johnson nor any other person paid, gave or received, either directly or indirectly, any promise, consideration or anything of value of any kind or nature whatever to procure the indorsement of said notes

by defendant as a guarantor as aforesaid; and that said contract of guaranty is wholly without consideration and is a mere *nudum pactum*.

At the close of the evidence and before argument and entry of judgment defendant submitted to the court certain special findings of fact, of which the 1st, 2nd, 3rd, 4th, 5th, 6th and 8th were held by the court as follows:

First. "That the only consideration paid, given or received for the notes in suit herein, which are Plaintiff's Exhibit 1 and 2, was the sale and transfer of the grocery store on Ogden evenue by the plaintiff John A. Hyde to one Olaf J. Johnson."

Second. "That an inventory was taken of said grocery store and the stock therein by the said Johnson and Hyde on Sunday the 11th day of November, A. D. 1906."

Third. "That thereafter the possession of said grocery store was delivered by the said Hyde to the said Johnson; that the said Johnson opened said store for business on Monday, the 12th day of November, A. D. 1906, and on and thereafter had the possession and control of said grocery store and conducted business therein until he died in September, A. D. 1910; and that the notes in suit herein, dated respectively November 12, A. D. 1906, were given by the said Johnson to the said Hyde as part payment of the consideration for said grocery store so sold by the said Hyde, plaintiff herein, to the said Olaf J. Johnson."

Fourth. "That three or four days after the delivery of the possession of said grocery store to the said Johnson by the said Hyde, as heretofore found, the said defendant John A. Sokol indorsed as a guarantor the said notes in suit herein, being Plaintiff's Exhibits 1 and 2."

Fifth. "That said defendant John A. Sokol indorsed the said notes in suit, being Plaintiff's Exhibits 1 and 2, at the request of John A. Hyde, plaintiff herein, and that no consideration was given, paid or promised by the said Hyde or anyone else in consideration of the said defendant John A. Sokol guaranteeing payment of said notes as aforesaid."

Sixth. ''That at the time said defendant John A. Sokol indorsed said notes as a guarantor, as aforesaid, he did so at the special instance and request of the said plaintiff John A. Hyde without any consideration therefor, as heretofore found, and after the said notes in suit, Plaintiff's Exhibits 1 and 2, had been signed by the said Olaf J. Johnson and delivered to the said plaintiff John A. Hyde.''

Eighth. ''That the two notes in suit herein are numbers 9 and 10 of a series of ten notes, numbered from 1 to 10, inclusive, given by the said Olaf J. Johnson to the said Hyde as part payment for said grocery store and business, each of said notes being for $500, and the first eight of said notes having been paid by the said Olaf J. Johnson during his life time.''

Appellee has assigned no cross-errors upon the rulings of the court on such special findings, as submitted, and they must be regarded as conclusive upon the facts in issue and so submitted.

The indorsement of a note in blank by a third party at the time of its execution creates a presumption, subject, however, to be rebutted, that the indorser intended to assume the liability of a guarantor, and in a suit on such indorsement the presumption obtains, in the absence of countervailing evidence, that an undated indorsement was made at the date of the note. De Clerque v. Campbell, 231 Ill. 442. In such case also the consideration for the note is held to be the consideration for the guaranty, and no further consideration need be shown. Davis v. Wolff Mfg. Co., 84 Ill. App. 579, and cases there cited.

Delivery is essential to the validity of a note, and the execution of a note is not complete until it is delivered to the payee, or some one for him. King v. Fleming, 72 Ill. 21; First Nat. Bank of Centralia v. Strang, 72 Ill. 559.

Where a party indorses a note as guarantor before its delivery to the payee, the consideration of the note will be presumed to be the consideration for the guaranty, but if he indorses such note after its delivery

to the payee, a consideration must be proved, unless it appears that it was agreed between the maker the payee and the indorser that the latter should guarantee the note.  Parkhurst v. Vail, 73 Ill. 343.

Possession is *prima facie* evidence of ownership, and in the absence of evidence, tending to show that the possession by Johnson of the store and stock of groceries on November 12, 1906, was acquired conditionally it must be presumed that he was then the owner of the same.  There is not a scintilla of evidence tending to show that Johnson ever requested appellant to indorse the notes, sued on as guarantor, or that appellant ever agreed with Johnson to do so, or that prior to or at the time appellee delivered possession of the store and stock of groceries to Johnson appellee requested appellant to indorse said notes, or that appellant then agreed so to do.

The court specially found that the only consideration for the notes was the sale of the grocery store by appellant to Johnson; that possession of said grocery store was delivered by appellant to Johnson on November 12, 1906; that three or four days thereafter appellant indorsed said notes as guarantor, and that no consideration was given, paid or promised for the indorsement of said notes by appellant as guarantor; that appellant so indorsed the same at the request of appellee after the same had been signed by Johnson and delivered to appellee.

Upon the facts so found by the court, and in the absence of proof of any agreement between the parties that appellant should guaranty the notes, the court should have found that appellant was not liable upon said notes as guarantor.

The judgment is reversed with a finding of fact to be incorporated in the judgment of this court.

*Judgment reversed with finding of fact.*

Finding of Fact:  We find as an ultimate fact that the indorsement by appellant as guarantor of the notes sued on was without any consideration therefor.