# GEORGE W. GAGE, impleaded, etc.

### *v.*

## MECHANICS' NATIONAL BANK OF CHICAGO.

1. GUARANTORS—*liability on a joint guaranty.* Where the payees of a promissory note indorse on the back of it, "For value received, we guarantee the payment of the within note at maturity," they become jointly and severally liable to pay the note at maturity.

2. In such case the holder, as between the maker and the guarantors, is under no obligation to demand payment of the maker, and, on his default, to notify the guarantors; but it is the duty of the guarantors, and of each of them, on maturity of the note, to go to the holder and take it up.

3. Joint guarantors of a promissory note do not stand in the relation of principal and surety, but each one is a principal, and neither one is discharged by the negligence of the holder of the note in not compelling payment by the other of his equitable share.

4. Where two persons jointly guaranty the payment of a promissory note payable to themselves, and deliver it to another for a valuable consideration, they may be sued jointly or severally, and it is no defense to the action against one, to show that at the time the note became due the other was able to pay his proportion of it, and that the holder, by suit, could have collected it from him, and that before the suit was brought he had become insolvent.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. WAITE & CLARKE, for the appellant.

Messrs. McCAGG & CULVER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from a judgment of the Circuit Court of Cook county, by George W. Gage, who was impleaded therein with one Philip Wadsworth, in an action of assumpsit brought by the Mechanics' National Bank against said defendants, on a promissory note for five thousand dollars,

made by one Tertius W. Wadsworth to Gage and P. Wadsworth. payable sixty days after date. and dated July 2, 1870.

The note was indorsed by the payees in this manner: "For value received, we guarantee the payment of the within note at maturity."

The action was brought to the December term, 1872, the declaration counting upon the guaranty and containing the common counts.

Wadsworth pleaded his discharge in bankruptcy from all claims existing against him on January 10, 1871. An issue was made up on this plea, and on trial, Wadsworth produced his certificate of discharge under the bankrupt act, and there was a verdict in his favor.

Gage pleaded the general issue to the whole declaration, and to the first special count two special pleas, to which there was a demurrer and judgment thereon for the plaintiff, the defendants abiding by their special pleas.

The demurrer to these pleas presents the question—the facts stated in the pleas being admitted thereby—is one joint guarantor discharged by negligence of the holder of the note in not pressing his co-guarantor for his equitable proportion of the note, he, at the time, having means sufficient to discharge the whole or the greater part of his liability?

This brings us to consider what was the nature of this undertaking by appellant and Wadsworth, and its legal effect. The answer is plain. It was a joint and several undertaking to pay the note at maturity. Neither of these parties occupied to the other the relation of principal and surety. They were both principals, and both and each bound to pay the note. The terms are, "For value received, we guarantee the payment of the within note at maturity." As between them and the maker of the note, the holder was under no obligation to demand payment of the maker, and on his default to notify the guarantors, for they undertook to pay, at all hazards, at maturity, the one being as much bound as the other. P. Wadsworth bound himself to pay the note, and so

did appellant, when it matured, and their duty was, and of each of them, on its maturity, to go to the holder and take it up. The holder was under no legal or moral obligation to hunt them and make a demand. On this point, the case of *Dye* v. *Dye*, 21 Ohio St. R. 86, is decisive, and we recognize it as the true doctrine. Numerous cases are cited in support thereof. There doubtless may be cases where *laches* of a holder of a guaranteed promissory note might defeat a recovery against the guarantors, as, where he had induced them by any legal act of his to forego advantages they might have taken of the maker, and the cases cited by appellant are cases of this nature. But this is not a case of principal and surety, but it is a primary, positive undertaking, joint and several in its nature, that they will do a certain act, that is, that they will pay this note at maturity.

But suppose appellant could be regarded as surety for his co-guarantor, Wadsworth, do either of these pleas set out any act, declaration or promise by the holder that would estop him from demanding the whole note of appellant? All that appears in the plea in this connection is, when the note became due appellee requested Gage and Scammon to pay their respective shares of the note; that a calculation was had of the amount of their respective shares; that of appellant, Gage, was found to be twenty-five hundred dollars, and that of Scammon twelve hundred dollars; that Gage, then and there, told appellee that the balance of the note, some fourteen hundred dollars, belonged to, and it was the duty of defendant Wadsworth to pay as his share of the note, and that appellee could and should collect this share of Wadsworth; to all which appellee made no objection, and then and there, when so requested, and when it received said payment of Gage, made no claim that he, Gage, ought or should, or was liable to pay this balance of the note.

Now, there is no fact here stated which can operate as an estoppel upon the holder to collect the balance of the note of appellant. Because the bank admitted it was the duty of

Wadsworth to pay his share of the note, as it had been calculated by the parties and assented to by making no objections to the statements of Gage and Scammon as to Wadsworth's duty in the premises, it is nowhere alleged the bank thereby released Gage, or promised or agreed to look alone to Wadsworth for his share, and that Gage should not be prosecuted therefor. What does it matter, that the bank then and there made no claim that Gage ought to or should pay the balance? The bank held the note with the undertaking of Gage on the back of it. That fixed his liability for the whole amount, and there was no necessity for the bank to remind Gage, when he paid his equitable share, that he was responsible for the whole of the note. Suppose Mr. Scammon had not paid his equitable share, will it be pretended appellant would not be liable for that? He was liable for the whole note.

On what principle can it be claimed the holder of this note, with this guaranty upon it, was bound to pursue Wadsworth? There was no obligation upon the holder so to do. Suppose this balance might have been collected of Wadsworth, if an effort had been made, prior to his bankruptcy, how can that aid appellant? Appellant had it in his power to avail of Wadsworth's ability to pay as well as the holder had. By paying the note at maturity, as he undertook and promised to do, his right of action would have been perfect against Wadsworth for his share. Is it to be held, under such circumstances as are stated in these pleas, that the holder of a negotiable promissory note, guaranteed for a valuable consideration, and for which the holder has paid full value, shall be put to the trouble and expense which legally devolves upon the maker or guarantor of the note? Neither plea alleges that the bank undertook to look to Wadsworth for his share, as calculated by the parties, nor is there any consideration shown for such an undertaking, nor does either of them show such a course of conduct by the bank calculated to deceive appellant or lull him into security. Appellant knew perfectly

well that the holder of this note had a right to rest content with his guaranty, secure in his ability to pay the note. It was for appellant to protect himself, which he could have done very easily by paying the note and pursuing Wadsworth before he became bankrupt. Commercial paper would lose much of its value, were the holder of it compelled to undergo labor and incur expense which the parties to the paper should alone be required to bear.

It is not claimed that the maker of this note, Tertius W. Wadsworth, was liable, as the note was made by him for the convenience of Gage and Wadsworth, that they might get it discounted at the bank. The note was made for their use and benefit, and they promised and undertook to pay it at maturity, and each of them was bound to pay it according to its tenor and effect. The holder could select either of the guarantors, as, by our statute, the undertaking is joint and several. Having one good indorser, the holder of a promissory note may rest secure. When there are two or more, and bankruptcy overwhelms one of them, there is no obligation on the holder to pursue him or his assets, but he can hold the other to a strict responsibility. *Dye* v. *Dye, supra.*

We perceive nothing in the special pleas that constitutes a defense to this action, and the judgment of the circuit court must be affirmed.

*Judgment affirmed.*