JOHN HOLM

*v.*

EGBERT JAMIESON.

*Opinion filed April 21, 1898—Rehearing denied June 9, 1898.*

1. BILLS AND NOTES—*a guaranty construed as an independent contract.* A guaranty, in the words, "I hereby guarantee the prompt payment of the within note," is an absolute, independent undertaking that the maker will pay the note when due, and upon his default an immediate liability against the guarantor exists.

2. SAME—*liability of absolute guarantor is not dependent on validity of note.* A guaranty, in the words, "I hereby guarantee the prompt payment of the within note," is not merely a promise to pay, but a representation to every subsequent holder that the note is valid; and the guarantor's liability is not dependent on the prosecution of suit against the maker nor the legality or validity of the note.

3. SAME—*fact that corporate note is void does not release absolute guarantor.* The fact that a corporate note was declared by a court of equity void for want of authority of the treasurer of the corporation to execute the same, does not release an absolute guarantor from liability as against a *bona fide* purchaser from a bank, which had discounted the note solely on the strength of the guaranty.

*Jamieson* v. *Holm*, 69 Ill. App. 119, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county;. the Hon. PHILIP STEIN, Judge, presiding.

JAMES FRAKE, and B. W. ELLIS, for appellant:

If a corporation makes a note which it had no legal power to make, sureties on that note will be held. 2 Parsons on Bills and Notes, 244.

A guaranty is a primary and positive undertaking that the guarantor will pay the note at maturity. *Gage* v. *Bank,* 79 Ill. 64; *Gridley* v. *Capen,* 72 id. 13.

A guarantor must be regarded as an original promisor, and is bound to discharge the obligation. *Gage* v. *Bank,* 79 Ill. 64.

A guaranty is an original undertaking by the guarantor that he will pay at all events. *Parkhurst* v. *Vail,* 73 Ill. 347.

JOHN A. ROSE, (FRANCIS A. RIDDLE, of counsel,) for appellee:

The obligation of the surety or guarantor is usually accessory to that of the principal, and, as a general rule, where there is no principal there can be no surety, and whatever discharges the principal releases the surety. Brandt on Suretyship, sec. 145.

It is a corollary from the very definition of a contract of suretyship, that, the obligation of the surety being accessory to the obligation of the principal debtor or obligor, it is of its essence that there should be a valid obligation of such principal, and that the nullity of the principal obligation necessarily induces nullity of the accessory. Without a principal there can be no accessory; nor can the obligation of the surety, as such, exceed that of the principal. *Feryn* v. *Burchard,* 21 Conn. 597.

Guaranty is an undertaking by some one that another shall perform his contract or fulfill his obligation, or if he does not, that the guarantor will do it for him.

The contract of guaranty is left to the general law of contracts; and this discriminates, in some respects, as we have seen, between the guarantor and the surety, holding the latter for some purposes as making an ab-

solute promise to pay the debt, and the former a conditional promise.    2 Parsons on Notes and Bills, 117.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

On May 16, 1893, at Chicago, Illinois, the Great Western Wire Works, by E. B. Filkins, treasurer, executed its note for $1500, due sixty days after date, payable to itself, with six per cent per annum interest after maturity, with power of confession of judgment, which note was endorsed, "Pay to the Central Trust and Savings Bank or order.—Great Western Wire Works, by E. B. Filkins." This note came to the hands of John Holm, who brought suit on the guaranty endorsed thereon, which is as follows:  "I hereby guarantee the prompt payment of the within note.—E. A. Filkins, Egbert Jamieson."

The declaration alleges that upon the consideration that the Central Trust and Savings Bank would discount the note if the defendants would guarantee the prompt payment thereof, the defendants, for the consideration aforesaid, did guarantee the payment of the same to the Central Trust and Savings Bank.    That bank, relying upon the guaranty of the defendants, discounted the note for the maker.    After the guaranty of the note by Filkin and Jamieson, and its endorsement to the Central Trust and Savings Bank, that bank made a second endorsement thereon, as follows: "Pay to John Holm or order.— Central Trust and Savings Bank, by W. A. Paulsen." John Holm having brought suit on the guaranty endorsed on said note, against Egbert Jamieson, one of the guarantors, the latter appeared and filed a plea of general issue and a special plea, in which it was set forth that William Holland, Merchant & Co., (a corporation,) and other corporations and individuals, filed their bill of complaint against the Great Western Wire Works, Sadie H. Filkins, Edward A. Filkins, John Holm, Charles B. Morrow and Edward B. Filkins, in which it was averred

that a note held by John Holm, and numerous other notes similarly executed, were fraudulent and void because of the fact that there was no authority in the treasurer to execute the same, and asking the cancellation of the judgment heretofore entered on said note of John Holm, and that said notes be declared fraudulent and void and be canceled and surrendered, and that judgment entered upon the said notes so executed be vacated and annulled. A decree was entered, on the hearing, in accordance with the prayer of the bill, and these facts by the special plea are averred. It is therein further averred that the contract of guaranty was written on paper on which said fraudulent and void promissory note was written, without any other or different consideration than the consideration for the said promissory note, which promissory note was declared to be fraudulent and void and decreed to be canceled, and the plea further averred that said decree was in full force.

To this special plea a demurrer was interposed and a stipulation entered into by the parties to the declaration, by which it was agreed that the said special plea of Jamieson should be adopted as the plea of Filkins, and that the plaintiff will stand by his demurrer to his special plea, and if the demurrer is overruled the judgment to go for the defendants, and that the defendants agree to stand by their special plea, and if the demurrer thereto is sustained the judgment shall be entered for the plaintiff and the plea of general issue be withdrawn. The trial court sustained the demurrer to the special plea and entered judgment for the plaintiff, to which exception was taken, and on appeal to the Appellate Court for the First District that judgment was reversed and judgment entered in the Appellate Court for the defendants, from which this appeal is prosecuted.

It is insisted, first, by the appellant, that the decree set up in the plea by which the note on which the guaranty was endorsed and which was the basis of this action

was not *res judicata* as to the defendant Jamieson, who was not a party thereto, and that that decree would be no bar to the prosecution of the suit on the guaranty endorsed on the note. The contention of appellee is, that, as there is no -debt or obligation due and owing to the appellant from the maker of the note, there is nothing due and owing to the plaintiff from the guarantors of the note; that as the maker of the note has been released and discharged by reason of the decree, and the guarantors have been deprived of their right of action over or subrogation as against the maker, there can be no liability as against the guarantors.

The note of the Great Western Wire Works having been executed by one without authority to execute such a note, as found in the decree set up in the plea, by that decree the note was declared for that reason fraudulent and void. To the proceeding by which this decree was so entered the appellant, John Holm, was a party, but the appellee, Egbert Jamieson, was not made a party thereto. We do not deem it necessary to enter into an extended discussion of the question as to the effect of the decree on parties and privies, and as to its being of no effect in binding persons who were not parties to the proceeding. The material question in this case to be determined is, what is the effect of the contract entered into by the defendants in guaranteeing payment of the note in the language they did, and how is that guaranty affected by a decree declaring the note itself on which the guaranty was written, and the payment of which was so guaranteed, void.

The language used in this guaranty, "I hereby guarantee the prompt payment of the within note," by its terms fixed the time at which the payment was to be made as of the date of the maturity of the note, and if the payment is not made by the maker within the time fixed in the note there is a breach of the guaranty, on which a liability exists, regardless of the fact that no steps have

been taken against the principal. (*Gridley* v. *Capen*, 72 Ill. 11; *Gage* v. *Mechanics' Nat. Bank*, 79 id. 62.) A different rule exists when a defense is made to a note by reason of payment or a proper set-off. In such case a defense exists to the guarantor to the same extent as to the maker. A guarantor may make a contract which is collateral or one which is independent. This guaranty was an absolute undertaking that the maker would pay the note when due, and by the default of the principal an immediate liability existed. The undertaking of the guarantor was an independent contract, not resting on a necessity to exhaust a remedy against the maker, but by the terms used in the guaranty it was an undertaking to every subsequent holder that the instrument guaranteed was perfectly valid. By a guaranty of this character the guarantor undertakes to every subsequent holder that the names of the maker and previous endorsers are really in the handwriting of those to whom they respectively purport to belong; and this is carried to the extent that where a promise has been written upon the note itself, a person guaranteeing the payment of that note is bound, even though the names of prior parties, or some one of them, were in fact forged. (*Veazie* v. *Willis*, 6 Gray, 90.) And it has been held that where a party to a certificate of deposit transferred it to another who had no connection with and was ignorant of the circumstances attending its origin, with the guaranty of the payment thereof, the guarantor was liable for the amount of the certificate, although it was void for matter *dehors* its face; and the court said the guaranty was, in effect, the representation that the instrument or claim was perfectly valid, as well as a promise to pay it. *Purdy* v. *Peters*, 35 Barb. 239.

Under the terms of this declaration the guaranty of the payment of the note by the signers to that guaranty was a condition precedent to its purchase by the Central Trust and Savings Bank, and it is further averred that its acceptance by that bank was because of its reliance

on the guaranty. The contract thus made by the guarantors of the note was a promise as to its legality, and a liability which was not dependent on the prosecution of a suit against the maker of the note nor dependent on the validity or legality of the note. If the liability of a guarantor of commercial paper were dependent on extraneous circumstances not appearing on or suggested by the face of the instrument, and such guaranty might be rendered invalid because of fraud, forgery or other circumstances that might be set up as between the maker and the acceptor of the paper, it would practically destroy the value of commercial paper and unsettle business transactions, to the great detriment of public interests. The guaranty is a contract by which the validity of the instrument is represented, and is binding on the guarantor to the full effect of such representation. Such being the case, the fact that the Western Wire Works, whose name was appended to the note, was placed there by the treasurer without authority, thereby rendering its execution, as against the maker, invalid, did not change the liability of the guarantor on his contract, because its effect,—the effect of the contract of the guarantor,—was to represent the note as valid and binding. Such liability existing by reason of the guaranty was not defeated because of the want of authority of the maker of the note to sign the name of the corporation.

The decree entered declaring the note fraudulent and void because of the want of authority in the treasurer to sign the name of the corporation thereto did not constitute a defense in favor of the guarantors, and the plea was bad. The demurrer was properly sustained by the trial court. It was error in the Appellate Court to reverse the same.

The judgment of the Superior Court of Cook county is affirmed and that of the Appellate Court for the First District is reversed.            *Judgment reversed.*