**Automatic Electric Company, Defendant in Error, v. Albert Campbell, Plaintiff in Error.**

**Gen. No. 21,696.     (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN A. MAHONEY, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 31, 1916.

### Statement of the Case.

Action by the Automatic Electric Company, plaintiff, against Albert Campbell, defendant, in the Municipal Court of Chicago, to recover on a contract of guaranty. To reverse a judgment for plaintiff for $1,974.06, defendant prosecutes this writ of error.

Plaintiff's statement of claim alleged that being about to bring suit against the Auto Card Index Company for goods sold and delivered, it was requested by defendant to forbear suit for thirty days, whereupon plaintiff and defendant executed the following written contract:

"Whereas, at the date hereof the Auto Card Index Company, an Illinois Corporation, is indebted to the Automatic Electric Company in the sum of $1,974.06; and

"Whereas, said Auto Card Index Company is unable at the present time to pay said account; and

"Whereas, Albert Campbell is heavily interested in said Auto Card Index Company as a stockholder; and

"Whereas, said Albert Campbell is willing to guarantee the payment of said account by said Auto Card Index Company;

"Now, therefore, in consideration of forbearance on the part of Automatic Electric Company to urge the collection of said account from said Auto Card Index Company for a period of thirty days from and after the date hereof, Albert Campbell hereby guarantees the payment of said sum of $1,974.06, on or before June 11, 1913; and further agrees to indemnify and save harmless Automatic Electric Company from any losses or damage it may sustain by reason of its forbearance as aforesaid.

"In consideration of said guarantee by the said Albert Campbell, as aforesaid, the Automatic Electric Company agrees to forbear for thirty days from and after the date hereof, to urge the collection of the said account of $1,974.06, now due and owing to it from Auto Card Index Company.

"Witness the hands and seals of the parties hereto this 12th day of May, 1913.

          Signed Automatic Electric Company,
              By H. A. Harris, V. P.
              Albert Campbell. (Seal)."

Plaintiff forbore to sue upon the claim as agreed and did not urge collection. Both the Index Company and the defendant failed to pay. On June 12, 1913, plaintiff notified defendant of the default and demanded payment, but defendant failed to pay.

The affidavit of defense alleged that when the contract was signed there was no enforceable debt to forbear and no good and valid consideration for defendant's promise.

At the trial the court allowed plaintiff's motion to strike the affidavit of defense from the files, and denied motions to file an amended affidavit and to amend the affidavit instanter and directed a verdict for plaintiff.

JOHN S. HUMMER, for plaintiff in error.

ALBERT E. WILSON and SEARS, MEAGHER & WHITNEY, for defendant in error; EDWIN HEDRICK, JR. and JOHN W. McCARTHY, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. PLEADING, § 231*—*what is right of party to amend pleadings.* A party to an action is not as of right entitled to have leave to amend regardless of the character of the proposed amendment, but should prepare the proposed amendment and submit it to the inspection of the court.

2. PLEADING, § 231*—*when not presumed that amendment of pleading will be proper.* There is no presumption that a proposed amendment of a pleading will be proper, so that it is not error to refuse to allow an amendment not presented where there are no means of determining whether the proposed amendment is proper and sufficient.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of defense in action on contract of guaranty states no defense.* In an action to recover on a contract of guaranty made in consideration that plaintiff forbear to bring suit on a cause of action named in the guaranty, where the declaration alleged that plaintiff forbore in accordance with the contract, it is not error to strike an affidavit of defense alleging that the time of making the contract there was no good and enforceable debt to be forborne and hence no valid consideration for the guaranty sued on, such affidavit stating no defense to the action.

4. GUARANTY, § 7*—*what is sufficient consideration to support contract of guaranty.* A promise to forbear followed by an actual forbearance is a sufficient consideration to support a contract of guaranty.

5. GUARANTY, § 7*—*when guarantor estopped to deny considera-tion of guaranty or validity of original undertaking.* In an action on a contract of guaranty the guarantor is estopped to deny the consideration of the guaranty or the validity of the original under-taking.

6. GUARANTY, § 7*—*when consideration of guaranty may not be determined.* In an action on a guaranty founded on a new consid-eration, independent of the consideration of the original undertaking, the consideration of the original undertaking cannot be inquired into as it forms no part of the consideration of the guaranty, but it is otherwise where the guaranty is made at the same time as or before the original undertaking, since in such case the consid-eration of the original undertaking is also the consideration of the guaranty.