## Maude E. Beebe, Appellant, v. Doris Kirkpatrick et al., Appellees.

1. INSANE PERSONS, § 25*—*when guaranty by conservator presumed to have been honest.* The rule that when the acts of men are capable of two constructions, one that they are fair and honest and the other that they are fraudulent, courts will adopt the first theory and will not presume a fraudulent purpose, applied, and the presumption was indulged that when a conservator of an insane person, who obtained credit for the amount of certain notes from the estate of his ward, placed his guarantee on the notes, he intended to make them good by placing his estate behind them, and that he intended the indorsement to be a general unconditional guaranty, and did not intend that his liability thereon should depend upon the prosecution of a suit by a bona fide purchaser, when he had procured the making of the notes by one whom he knew to be worthless, or the foreclosure of the mortgage given as security which he knew was insufficient, and the property covered by which he had caused to be conveyed to the maker.

2. INSANE PERSONS, § 29*—*when heirs of conservator required to account to third person.* The heirs of a conservator of an insane person, which conservator asked for and obtained credit for the amount of notes which were secured by mortgage that was insufficient se-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

curity and which were guaranteed by such conservator, were held liable to an accounting as to assets received by them from the estate of such conservator at the suit of an innocent purchaser for value, where such conservator had procured the execution of the note and mortgage to be made, knowing the maker to be worthless and the property which he had caused to be conveyed to such maker to be worth far less than the amount of the notes.

3. INSANE PERSONS, § 29*—*when third person may recover against heirs of conservator.* Where a conservator of an insane person procured property to be conveyed to a third person and caused him to execute notes and a mortgage of such property to secure the notes, for a nominal consideration, and where such conservator personally received the benefit from the transaction, and subsequently indorsed his guaranty on the note and asked for and received credit in his account as conservator, all with knowledge that the maker of the note was worthless and that the property was worth far less than the amount of the notes, a bona fide purchaser for value before maturity was entitled to recover from the heirs of said conservator, to whom the assets of his estate had been delivered, the amount of such notes, after tendering the notes and mortgage.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the April term, 1918. Reversed and remanded with directions. Opinion filed October 22, 1918. Rehearing denied April 3, 1919.

WILLIAM R. BACH, for appellant.

STONE & DICK, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellant filed her bill in chancery in the Circuit Court of McLean county, in which she charges that she is the owner and holder of two promissory notes, each for the sum of $1,250, signed by J. W. Bishop, payable to the order of Henry S. Dooley in 3 years from their date and drawing 6 per cent annual interest, payable annually; that on the back of each of these notes is indorsed the words "I hereby guarantee this

loan.   Henry S. Dooley''; that appellant purchased
these notes before maturity from the administrator of
the estate of Mary A. Brown, now deceased, who was
in her lifetime a distracted person; that these notes
show on their face that they were secured by a mort-
gage on real estate; that when they were given, Henry
S. Dooley was the conservator of the said Mary A.
Brown, now deceased, but then a distracted person; that
shortly after these notes were given he placed the in-
dorsement and guaranty on them as it now appears
and turned them over to himself as such conservator
and thereupon made a report of such transaction to
the County Court of McLean county, and asked for
and received credit in his account as such conservator
for the amount of money paid out by him for said
notes; that at the time said notes were given, J. W.
Bishop, who signed these notes, was a ''straw man''
and was worthless at the time he obtained the prop-
erty described in the mortgage that was given to se-
cure these notes; that the property so mortgaged was
worth much less than the amount of the notes; that
Henry S. Dooley procured said property to be con-
veyed to Bishop and said notes and mortgage to be
executed by him without more than a nominal consid-
eration to Bishop; that Dooley received the benefit
from this transaction personally; that these facts were
unknown to appellant at the time she purchased the
notes, and that she is a bona fide innocent purchaser
of said notes for value before maturity; that both J.
W. Bishop and Henry S. Dooley are dead; that they
died before the maturity of said notes; that Bishop
had no property whatever when he died and that the
property of the said Henry S. Dooley has been admin-
istered upon and distributed to appellees, who are his
heirs, and that none of it is now available for the pay-
ment of these notes; that these appellees have each re-
ceived out of the estate of Henry S. Dooley, deceased,
more property than would be required to pay these

notes; that the inventory filed in his estate did not include all of his property; that more property was omitted from that inventory than would be required to pay these notes and that such property so improperly omitted from such inventory has been divided between these appellees; that appellees have been asked by appellant to pay these notes out of the property of the said Henry S. Dooley, deceased, so received by them and to account therefor, but they refuse, and that appellant has offered in that connection to assign and turn said notes and mortgage over to appellees. The bill prays for an accounting as to the assets received by appellees from the estate of the said Henry S. Dooley, deceased, and that appellees be ordered to pay these notes out of the property so received by them from the said estate. A demurrer to this bill was sustained and the bill was dismissed by the Circuit Court. For the purpose of determining whether the demurrer was properly sustained, the averments in the bill must be treated as true.

From the averments in the bill it follows that Henry S. Dooley, at the time he wrote the guarantee on these notes and turned them over to himself as conservator of Mary A. Brown, knew that they were not good without such guaranty, and that to invest his ward's money in negotiable paper that he knew was not good would be a fraud upon his ward. He was about to ask the County Court to approve his acts in investing the money of his ward in these notes. He knew that if he procured such an approval of that investment when he knew the notes were not good he would be perpetrating a fraud upon the court. When the acts of men are capable of two constructions, one that they are fair and honest and the other that they are fraudulent and dishonest, courts will adopt the first theory and will not presume a fraudulent purpose. It must therefore be presumed from the facts averred in this bill that when

Henry S. Dooley placed the guaranty on the notes in question he intended to make them good by placing behind them his own estates, and that he intended the indorsement to be a general unconditional guaranty and did not intend that his liability thereon should depend upon the prosecution of a suit to collect the debt against the maker of the notes whom he knew to be worthless, or the foreclosure of a mortgage that he knew was insufficient security. Such a guaranty must be construed to be and is an unconditional contract, by which the guarantor undertakes to see to it that the note will be paid when due, not that it can be collected by suit or out of some security. *Holm v. Jamieson,* 173 Ill. 295; *Gage v. Mechanics' Nat. Bank of Chicago,* 79 Ill. 62.

The demurrer to the bill was improperly sustained. The decree of the Circuit Court is reversed and the cause is remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*