James J. Brown Plastering Company, Defendant in Error, v. Gustav H. Gottschalk, Plaintiff in Error.

Gen. No. 34,516.

Opinion filed March 24, 1931.

JACOBSEN, MERRICK, NIERMAN & SILBERT, for plaintiff in error.

A. S. and E. W. FROEHLICH, for defendant in error.

MR. JUSTICE KERNER delivered the opinion of the court.

This was an action in assumpsit brought by plaintiff, James J. Brown Plastering Company, against the defendant Gustav H. Gottschalk, upon a written guaranty of the defendant. Plaintiff obtained judgment for $18,300, which the defendant seeks to have reversed.

Plaintiff filed the common counts and a special count in which it is alleged that on August 26, 1926, Shoreland Hotel Company was a corporation of Illinois, having outstanding as a part of its capital certain preferred stock, and that plaintiff received from Shoreland Hotel Company upon the settlement and adjustment of a certain claim then and there held and owned by plaintiff against the Shoreland Hotel Company, a certain certificate for 150 shares of the preferred stock of the Shoreland Hotel Company and that the plaintiff entered into a contract with the Shoreland Hotel Company as follows:

"This Memorandum of Agreement made and entered into this 26th day of August, A. D. 1926, by and between Shoreland Hotel Company, a corporation, hereinafter called the 'Corporation' and James J. Brown Plastering Co., a corporation, hereinafter called the 'Stockholder' WITNESSETH:

"That for and in consideration of the sum of One Dollar ($1.00) to it this day in hand paid, and other valuable consideration, the receipt whereof is hereby confessed, and as a part and portion of the transaction whereby said Stockholder did this day receive and pay for one hundred and fifty (150) shares of the Preferred Stock of said Corporation, being evidenced by certificate No. P–27, the Corporation does hereby contract, covenant, undertake and agree to repurchase of and from said Stockholder on or before August 26, 1929 said one hundred and fifty (150) shares of Preferred Stock above referred to at the price of One

Hundred Dollars ($100.00) per share plus all accrued, accumulated and unpaid dividends thereon from the date hereof to and including the date of said repurchase.''

And the plaintiff further averred that on the same day and as a part of the transaction evidenced by the issuance of said stock and the making of said contract the defendant entered into a contract in writing with the plaintiff, as follows:

''Chicago, Ill. August 26, 1926.

''James J. Brown Plastering Co.,
53 W. Jackson Boul.
Chicago, Illinois.

''Gentlemen:

''As a part of the transaction this day consummated between yourself and Shoreland Hotel Company, whereby you received in part payment for work done and labor and material furnished for the construction of said hotel one hundred and fifty (150) shares of the Preferred Stock of said Company, which stock said company did this day, as a part of the same transaction undertake and agree to repurchase of you on or before August 26, 1929, at the price of One hundred dollars ($100.00) per share, plus all accrued, accumulated and unpaid dividends thereon, the undersigned Gustave H. Gottschalk, being personally financially interested in said Shoreland Hotel Company, does hereby guarantee the performance by said Shoreland Hotel Company of its said agreement of re-purchase of said stock.

''In the event of the neglect, failure or refusal on the part of said Shoreland Hotel Company to comply with its said contract, he, the undersigned, will, upon demand, at any time after August 26, 1929, purchase said shares of stock from you at said price of Fifteen thousand Dollars ($15,000.00) plus accrued, accumulated and unpaid dividends thereon.

"This guaranty shall be deemed an original undertaking and notice of default on the part of said Shoreland Hotel Company is hereby waived.

Yours very truly,
(Signed) Gustav H. Gottschalk."

And plaintiff further averred that no dividends have at any time been paid on said stock; that on August 26, 1929, it tendered to the Shoreland Hotel Company said certificate and demanded of the Shoreland Hotel Company the purchase price thereof in accordance with its said contract of purchase, and that the Shoreland Hotel Company failed, neglected and refused to purchase said stock or to pay to the plaintiff the purchase price or any part thereof; that plaintiff notified the defendant of said refusal of the Shoreland Hotel Company to comply with its contract and tendered to the defendant said certificate of stock and demanded of the defendant that he purchase said certificate of stock from the plaintiff in accordance with his said contract, which the defendant refused to do. The plaintiff also filed an affidavit of claim. The defendant pleaded non assumpsit and two special pleas, which raised the defense that the defendant's agreement was without consideration or that the consideration therefor has failed, for the reason that the plastering work done by plaintiff was defective; that plaintiff breached its plastering contract, and that the resulting damages to the Shoreland Hotel Company exceeded the amount of plaintiff's claim; that the agreement of the Shoreland Hotel Company for the repurchase of the stock is illegal and void, and that the defendant's contract is void for that reason. The trial court, on motion of the plaintiff, struck from the files for insufficiency the affidavit of merits, defaulted defendant for want of a sufficient affidavit of merits and entered judgment against him on plaintiff's affidavit of claim for $18,300. The trial court made no disposition of the pleas. Where an affidavit of merits is insufficient it is proper

to strike it from the files, and the plaintiff is then entitled to judgment as in case of default. After an affidavit of merits has been stricken from the files it is not necessary to strike the pleas from the files, although such practice is not improper and is common. (*Firestone Tire & Rubber Co. v. Ginsburg*, 285 Ill. 132, 134.)

The question for decision is, Did the defendant's second amended affidavit of merits state any legal defense to the action? The instant case is not upon the plastering contract between the plaintiff and the Shoreland Hotel Company, nor upon any note or other obligation evidencing any unpaid portion of the contract price. When the contract under which the plaintiff purchased the preferred stock of the hotel company was executed, the Shoreland Hotel Company ceased to be a debtor of the plaintiff, and before the plaintiff received from the Shoreland Hotel Company in settlement and adjustment of its claim against the Shoreland Hotel Company the 150 shares of the preferred capital stock of the Shoreland Hotel Company, it insisted that the Shoreland Hotel Company agree to repurchase the stock on or before August 26, 1929, and that said contract of repurchase be guaranteed. The defendant being personally financially interested in the Shoreland Hotel Company, guaranteed the performance by the Shoreland Hotel Company of said contract of repurchase, and in his contract of guaranty the defendant stated:

"In the event of the neglect, failure or refusal on the part of said Shoreland Hotel Company to comply with its said contract, he, the undersigned, will, upon demand, at any time after August 26, 1929, purchase said shares of stock from you at said price of Fifteen thousand Dollars ($15,000.00) plus accrued, accumulated and unpaid dividends thereon.

"This guaranty shall be deemed an original undertaking. . . ."

It is very evident to us that the contract of guaranty was executed by the defendant and given to the plaintiff to induce the plaintiff to purchase the stock, the defendant guaranteeing the performance by the Shoreland Hotel Company of its contract to repurchase the stock. The contract was an unconditional original undertaking in which the defendant guaranteed the purchase and the payment of the preferred stock. It has been repeatedly held that in a suit upon a guaranty the guarantor is estopped to deny the consideration of the guaranty or the validity of the original undertaking (*Malleable Iron Range Co. v. Pusey,* 244 Ill. 184; *Automatic Electric Co. v. Campbell,* 197 Ill. App. 591), and where the guaranty is founded upon a new and independent consideration, as in the instant case, the sufficiency of the consideration of the original debt cannot be inquired into, it forming no part of the consideration of the guaranty. (*Automatic Electric Co. v. Campbell, supra.*) A guarantor cannot plead illegality in the contract of a principal which he guarantees. (*Holm v. Jamieson,* 173 Ill. 295, 299, 301; *Weger v. Robinson Nash Motor Co.,* 340 Ill. 81.) In the case of *Bank of Plant City v. Canal-Commercial Trust & Savings Bank,* 270 Fed. 477, at page 480, the court said:

''Moreover, the guarantor may be liable, despite the invalidity of the principal obligation, if the guaranty is a separate and independent transaction binding the guarantor independently of the original contract. . . . In such a case the liability of the guarantor is not affected by the invalidity of the principal obligation.'' 12 R. C. L. 1073.

The contention that the contract of the Shoreland Hotel Company to repurchase is invalid where the corporation is insolvent at the time of making the agreement is without merit. A corporation may purchase its own stock; it has the right to purchase its own

stock for a legitimate purpose. (*Chicago, Pekin & Southwestern R. Co. v. Marseilles,* 84 Ill. 145; *First Nat. Bank of Peoria v. Peoria Watch Co.,* 191 Ill. 128; *Merchants Loan & Trust Co. v. Ummach,* 228 Ill. App. 67.)

We are of the opinion that the court did not err in holding that the affidavit stated no defense to plaintiff's claim.

The judgment is affirmed.

*Affirmed.*

SCANLAN, P. J., and GRIDLEY, J., concur.