**De Wolf & Company, Inc., Appellee, v. Foreman National Bank, Appellant.**

**Gen. No. 35,424.**

24

Opinion filed December 28, 1931.

A. H. Brown and A. J. W. Appell, for appellant; A. J. W. Appell, of counsel.

George C. Bliss, for appellee.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover $3,201.75, with interest thereon, which was the amount of three checks drawn by plaintiff on the defendant bank and paid by the bank on the forged indorsement of the payee. Plaintiff filed its declaration and an affidavit of claim. The defendant filed a plea of the general issue, notice of special matters which it claimed it would prove under the general issue, and an affidavit of merits. The affidavit of merits, on motion of plaintiff, was stricken and the defendant was given leave to file an amended affidavit of merits which it later did, and this also was stricken on motion of plain-

tiff. Apparently the defendant decided to stand on its amended affidavit of merits, its pleas were then stricken, and judgment was entered on plaintiff's affidavit of claim although the judgment order recites that the court heard proofs submitted by plaintiff. The judgment is for $3,748.66, and the defendant appeals.

. The court held that the affidavit of merits was insufficient and it was therefore the proper practice to strike it and cause judgment for the plaintiff without striking the pleas from the files, although such practice is common and not improper. *Firestone Tire & Rubber Co. v. Ginsburg,* 285 Ill. 132; *Brown Plastering Co. v. Gottschalk,* 261 Ill. App. 147.

The record discloses that plaintiff carried a checking account with the defendant bank and on February 4, March 9, and April 26, 1927, drew its three checks on the defendant bank for $504.84, $1,498.58 and $1,198.33 respectively, all payable to the order of John L. Melkus. The checks were issued to Melkus in business transactions had between him and plaintiff. When they were issued plaintiff delivered them to one of its employees by the name of Snyder to be delivered to Melkus. They were never delivered to Melkus but Snyder or someone else forged the name of the payee, cashed them at the Lake Shore Trust & Savings Bank, converted the money, and in the regular course of business the checks were paid by the defendant bank. In its affidavit of claim plaintiff averred that as soon as it discovered that the indorsements of the payee were forged it notified the defendant bank.

In its amended affidavit of merits defendant denied any liability for two reasons: First, that from February 4, 1927, to May 1, 1927, and thereafter, it sent monthly statements to plaintiff showing all deposits and withdrawals made by plaintiff; that plaintiff made no objection to any of the statements and its failure to do so constituted an account stated; and that each

statement contained the following printed matter: "Please examine at once. If no error is reported in 10 days the account will be considered correct. Please report any difference in this statement to the auditor." Second, that plaintiff was negligent in failing to examine the monthly statements and canceled checks, and further negligent in failing to keep proper supervision over its employees to whom it entrusted checks for delivery.

In support of these defenses chief reliance is placed upon the cases of *Kaszab v. Greenebaum Sons Bank and Trust Co.,* 252 Ill. App. 107, and *Osborn v. Corn Exchange Nat. Bank of Chicago,* 218 Ill. App. 28. It is unnecessary to discuss the holding in those two cases because our Supreme Court in a later case passed on the question now under consideration in *Cosmopolitan State Bank v. The Lake Shore Trust & Savings Bank,* 343 Ill. 347, where a bank was held liable for the paying of a check on the forged indorsement of the payee. The court there said (pp. 351–2): "The general rule is well settled that the obligation of a bank is to pay, on demand, the funds of the depositor to the payee named in each check, or to his order or to bearer, as the check may direct, and it must ascertain at its peril the identity of the payee and the genuineness of the indorsements, though each indorsement is a guaranty of all prior indorsements." And on page 353 the court said: "The sixth point concerns Anderson's (the drawer of the check) supposed negligence in not sooner discovering and reporting the unauthorized indorsement. This indorsement was not one with which Anderson might be supposed to be familiar. . . .

"A depositor of a bank who receives from it a statement of his account with its paid checks as vouchers is bound to examine the account and vouchers and report to the bank, without unreasonable delay, any errors which may be discovered. (*Morgan v. United States*

*Mortgage and Trust Co.*, 208 N. Y. 218; *Prudential Ins. Co. of America v. National Bank of Commerce*, 227 id. 510; *Dana v. National Bank*, 132 Mass. 156; *Leather Manufacturer's Nat. Bank v. Morgan*, 117 U. S. 96.) This rule does not extend to an examination of the indorsements of the payee of checks to ascertain their genuineness. (*Critten v. Chemical Nat. Bank*, 171 N. Y. 219; *Welsh v. German Nat. Bank*, 73 id. 424; *Shipman v. Bank of State*, 126 id. 318.) In the cases cited, the reason given for excluding from the rule the requirement of an examination of indorsements for the purpose of determining whether they are genuine is that the depositor has no greater knowledge on the subject of the genuineness of the signature of the payee than the bank. In *Jackson v. Bank*, 92 Tenn. 154, it is said: 'A bank is obliged by custom to honor checks payable to order and pays them at its peril to any other than the person to whose order they are made payable. It must see that the check is paid to the payee therein named upon his genuine indorsement or it will remain responsible.' " See also *United States Cold Storage Co. v. Central Mfg. Dist. Bank*, 343 Ill. 503.

The questions decided in the two cases just referred to are decisive of the questions involved in the case before us, and the judgment of the circuit court of Cook county is affirmed.

*Affirmed.*

McSURELY and MATCHETT, JJ., concur.