J. J. Kirby, Trustee of the Estate of Edward Chipman, Deceased, Appellee, v. C. B. Sawyer, Appellant.

Gen. No. 8,517.

Opinion filed September 21, 1932.

W. H. DYER and THOMAS S. SAWYER, for appellant.

E. P. HARNEY, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the court.

This is an action in assumpsit brought by the appellee (hereinafter referred to as plaintiff) as trustee

of the estate of Edward Chipman, deceased, against the appellant (hereinafter referred to as defendant) to the January 1931 term of the circuit court of Kankakee county.

The declaration consisted of one special count and the common counts.

By the special count it was alleged that Dan G. Lee and Anna Lee on March 1, 1927, made their promissory note and thereby promised to pay to the order of themselves, four years after date, the sum of three thousand dollars ($3,000) with interest thereon at the rate of six per cent per annum and indorsed and delivered the note to the plaintiff.

It is further alleged that the defendant, C. B. Sawyer, by his indorsement upon said note, guaranteed its payment and although the note had matured the said Dan G. Lee and Anna Lee had not paid the same; that the defendant had notice thereof but had not paid the note or any part thereof and had refused to do so.

The defendant filed a plea of general issue, together with a notice of special matter and supported his plea by an affidavit of merits. The special matters of defense alleged were: Lack of consideration from the plaintiff to the defendant; that the instrument sued on was one of four notes aggregating $16,000 secured by trust deed on real estate; that a trust deed was filed for record; that the writing of the defendant on the note sued on was made after the delivery of the instrument to the plaintiff and that the guarantee was not in the form signed by the defendant; that the bill to foreclose the trust deed was filed by the plaintiff in the circuit court of Kankakee county; that the copy of the instrument sued on was attached to the bill of complaint in such foreclosure proceeding; that the suit was prosecuted to decree and the premises sold; that the decree found there was due

to the plaintiff in the foreclosure suit $18,363; that payment was defaulted and the premises sold by the master in chancery to the plaintiff herein; that the notes secured by the trust deed were not numbered; that they were executed and matured on the same date and none of them had a preference in payment; that the plaintiff purchased the lands from the master in chancery for $14,864.16, and that the note sued on was entitled to the pro-rate share of such sum; that the plaintiff thereby made an election of remedies and if the defendant became liable for any sum of money to the plaintiff the same was discharged.

The cause proceeded to trial and at the conclusion of the evidence by the plaintiff the defendant moved the court to give the jury the instruction tendered, directing the jury to find a verdict for the defendant. This motion was overruled.

At the conclusion of all of the evidence the defendant renewed his motion and requested the court to give to the jury the instruction tendered, directing the jury to find the issues for the defendant. This motion was also overruled. The plaintiff then moved the court to give to the jury the instruction tendered by him directing the jury to find the issues for the plaintiff and assess his damages at $750. This motion was allowed and the instruction given to the jury. The jury returned a verdict in favor of the plaintiff and against the defendant for the sum of $750. After motion for a new trial was overruled, judgment was entered on the verdict for the sum of $750 and for costs. The defendant prosecutes this appeal to reverse such judgment.

The facts in the case are substantially that Dan G. Lee and Anna Lee owned certain real estate and on or about March 1, 1927, such real estate was subject to a mortgage to secure an indebtedness of $20,000. Eighty acres of this land was sold and the sum of

$4,000 paid upon the mortgage indebtedness, leaving due the sum of $16,000, which they desired to renew.

Proof was offered that the owner of the notes and mortgage declined to renew same, unless one note for $3,000 was guaranteed by the defendant, C. B. Sawyer. Upon his agreement to guarantee the payment of one note for $3,000 a new mortgage was executed to secure four notes, two for $5,000 each and two for $3,000 each or a total of $16,000.

The note upon which this suit is brought is one of the series and is indorsed as follows: "I hereby guarantee the payment of the within note until paid." Under such indorsement are the signatures of Dan G. Lee, Anna Lee and C. B. Sawyer. Considerable space intervened between the indorsement quoted and the signatures. Subsequently an additional indorsement was stamped on the note above the signatures and below the above indorsement, as follows: "For value received we hereby guarantee the payment of the within note at maturity or at any time thereafter, with interest at the rate of ———— per cent per annum until paid, waiving demand, notice of non-payment and protest."

The interest was paid for the first two years but thereafter default was made in the payment of the notes secured by the trust deed and interest thereon. A chancery suit was filed in the circuit court of Kankakee county to foreclose the trust deed.

Subsequently a decree of foreclosure was granted and the amount found to be due was $18,363. It was ordered that the defendants therein or some of them pay said sum and costs within five days and in default thereof that the premises be sold. The moneys were not paid and the master in chancery of said court offered the premises for sale and did sell the same to the plaintiff herein for the sum of $14,864.16. This sum was insufficient to pay the total indebtedness and costs. The deficiency is $4,000. This suit

was then filed against the defendant, C. B. Sawyer, as guarantor of the note above described.

It is urged that the trial court erred in permitting the plaintiff to introduce in evidence the note above described and contract of guaranty thereon signed by the defendant, because the contract of guaranty last above referred to had been placed above the signatures after the signing of the instrument by the defendant and that such act amounted to an alteration and voided the contract of guaranty.

It is admitted by the defendant that at the time he placed his signature on the note the words ''I hereby guarantee the payment of the within note until paid'' were indorsed thereon. The added guaranty indorsement so stamped upon the note is not materially different from the original indorsement and in no way discharged the defendant from his liability upon such original guaranty contract so indorsed upon such note at the time he affixed his signature thereto. By the signing of such guaranty contract and delivery the defendant, C. B. Sawyer, became liable to pay the note in accordance with the terms and conditions of the guaranty and no subsequent act of the parties or any of them altered or changed such liability.

In *Weger v. Robinson Nash Motor Co.*, 340 Ill. 81, at page 90 the court held that ''a contract guaranteeing the payment of a note is an absolute contract, and by it the guarantor undertakes for a valuable consideration to pay the debt at maturity if the principal debtor fails to do so and upon it, if the debt is not paid at maturity, the guarantor may be sued at once.''

Again it was also held in the same case (page 90) that ''Guarantors must be regarded as original promisors, who bound themselves to pay the notes when they matured, and their duty was, on their maturity, to go to the holder and take them up, and their liability was not to depend upon the prosecution of suit

against the maker." (*Beebe v. Kirkpatrick,* 321 Ill. 612; *Holm v. Jamieson,* 173 Ill. 295; *Gage v. Mechanics' Nat. Bank,* 79 Ill. 62.)

It is also provided by statute in this State that "the holder (of a note) may convert a blank indorsement into a special indorsement by writing over the signature of the indorser in blank any contract consistent with the character of the indorsement." Cahill's St. ch. 98, ¶ 55.

The admission of such note and indorsement thereon into evidence was not error nor is there a variance between the proof and the instrument.

Defendant also insists that the trial court erred in directing a verdict in this case for the plaintiff for the sum of $750 because there were four notes secured by such trust deed, while the defendant had guaranteed but one of such notes.

This contention is without merit. The plaintiff proceeded to exhaust the security (other than the defendant's guaranty) before calling upon the defendant to pay the note or any part thereof, and the defendant received pro-rate credit for the proportionate share of the proceeds of such other security. After receiving such credit there yet remained a deficiency on the note in question in the sum of $750 and the court properly directed a verdict for such sum.

It is contended (but not urged) by the defendant that this note was one of a series and that payment of the others was payment of this, but the remaining notes of the series were not paid in full by the moneys received from such foreclosure.

Had the trial court refused to require this pro-rate credit to the defendant for the proportionate share of the proceeds received under the foreclosure sale, then the defendant would have been liable for the full face value of the note and interest thereon under his guaranty contract indorsed on such note. It was at the instance of the defendant that the evidence of the fore-

closure suit was produced and its production was for the apparent purpose of preventing the loss of such proportionate credits upon such note.

It is insisted, however, that even conceding that the trial court correctly directed a verdict for the plaintiff, it erred in the amount found to be due. In arriving at the amount for which verdict was directed, the court took into consideration the fact that the plaintiff in this suit had received under the mortgage foreclosure the entire amount due upon all notes for debt, interest and costs, except the sum of $4,000 and after allowing to the appellant herein full credit for his proportionate share of the entire proceeds of the sale, properly directed a verdict for the proportionate amount of the deficiency of $4,000 due from him.

It is contended that no part of the costs should have been taken into consideration before determining the amount due from the defendant but such is not the rule. To subject the security (other than the defendant's guaranty contract) to the payment of debt it was necessary to resort to the courts and the costs of such proceeding are properly deducted before any credit is to be made on the notes or any of them, and we hold that the defendant is liable for the unpaid balance upon the note in the sum of $750. It is therefore apparent that the trial court did not err in directing a verdict for the sum of $750.

Appellee has assigned cross error and urged that the trial court should have directed a verdict for $3,519. If such action was an error, and we do not so hold, it is apparent that the appellee herein cannot be heard to urge such a contention since it was at his instance and request that the directed verdict was made and he cannot now be heard to state such act as error.

The judgment of the circuit court of Kankakee county is affirmed.

*Affirmed.*